1   James A. Quadra (SBN 131084)
    Rebecca Bedwell-Coll (SBN 184468)
2   MOSCONE, EMBLIDGE & QUADRA, LLP
    220 Montgomery Street, Ste. 2100
3   San Francisco, California 94104
    Telephone:  (415) 362-3599
4   Facsimile:  (415) 362-2006
    Email:  quadra@meqlaw.com
5
    Michael W. Sobol (SBN 194857)
6   LIEFF, CABRASER, HEIMANN &
        BERNSTEIN, LLP
7   275 Battery Street, 30th Floor
    San Francisco, CA  94111-3339
8   Telephone:  (415) 956-1000
    Facsimile:  (415) 956-1008
9   Email:  msobol@lchb.com
    Email:  jsagafi@lchb.com
10
    Jonathan D. Selbin (SBN 170222)
11  LIEFF, CABRASER, HEIMANN &
        BERNSTEIN, LLP
12  780 Third Avenue, 48th Floor
    New York, NY  10017-2024
13  Telephone:   (212) 355-9500
    Facsimile:   (212) 355-9592
14  Email:  jselbin@lchb.com
    Email:  rbcoll@lchb.com
15
16  *Attorneys for Plaintiffs and proposed Class*

17              UNITED STATES DISTRICT COURT

18              NORTHERN DISTRICT OF CALIFORNIA

19              SAN FRANCISCO DIVISION

20  CREATE-A-CARD, INC.; AGSJ, INC.;          Case No.  3:07-CV-06452-WHA
    and PHILANTHROPIC FOCUS, LLC, on
21  behalf of themselves and all those similarly
    situated,                                 **CLASS ACTION**
22
                    Plaintiffs,               **STIPULATED REQUEST TO SET
23                                            DEADLINE FOR FILING OF MOTION
            v.                                FOR PRELIMINARY APPROVAL AND
24                                            TO CONTINUE HEARING ON MOTION
    INTUIT INC.,                              TO DISMISS AND DEADLINE FOR
25                                            FILING OF MOTION FOR CLASS
                    Defendant.                CERTIFICATION**
26

27

28

---

Stipulated Request to Set Deadlines        1        Case No. 3:07-CV-06452-WHA

1    WHEREAS, on July 28, 2008, Plaintiffs Create-A-Card, Inc., AGSJ, Inc., and
2   Philanthropic Focus LLC ("Plaintiffs") and Defendant Intuit Inc. ("Defendant"), agreed on the
3   settlement terms attached as Exhibit A and its proposed implementation schedule attached thereto
4   as Exhibit 1, subject to the Court's approval and conditioned upon the parties' agreement on the
5   proposed class notices and claims form that will be incorporated into a more fulsome formal
6   settlement agreement to be executed by the parties;

7    WHEREAS, the parties anticipate needing three to four weeks to accomplish the
8   foregoing after which they hope to submit the full agreement in connection with a joint motion
9   for preliminary approval to the Court;

10    WHEREAS, the hearing on Intuit's Motion to Dismiss is scheduled to proceed on August
11   7, 2008 at 8:00 a.m.;

12    WHEREAS, the last day to file a Motion for Class Certification is currently August 7,
13   2008, to be heard on a 35-day track;

14    WHEREAS, the parties are not requesting a continuance of any other deadline established
15   by the Court's March 20, 2008 Case Management Order, and if the parties are unable to complete
16   the fulsome formal settlement agreement, they shall still be subject to the Court's current
17   discovery cutoff, expert deadlines and pre-trial and trial dates.

18    NOW THEREFORE the parties stipulate, subject to Court approval, as follows:

19    1.    The last day to submit a joint motion for preliminary approval of the settlement
20   shall be August 22, 2008;

21    2.    The hearing date on any motion for preliminary approval of the settlement shall be
22   September 5, 2008, or such other date as may be convenient for the Court.

23    3.    The current deadline to file a class certification brief shall be vacated and reset, if
24   necessary, at the Court's hearing on the parties' motion for preliminary approval or another time
25   as the Court may deem appropriate.

26    4.    The hearing date on Intuit's Motion to Dismiss shall be continued from August 7,
27   2008 until September 25, 2008 at 8:00 a.m.

28   IT IS SO STIPULATED.

1

2     DATED:  July 31, 2008

3

4

5

6

7     DATED:  July 31, 2008

8

9

10

11

12

13

14

15    DATED:  July 31, 2008

16

17

18

19

20

21

22

23

24

25

26

27

28

MOSCONE, EMBLIDGE & QUADRA, LLP

By_____/s/ James A. Quadra_____
             James A. Quadra

Attorneys for Plaintiffs CREATE-A-CARD, INC.;
AGSJ, INC.; and PHILANTHROPIC FOCUS, LLC

FENWICK & WEST, LLP

By_____/s/ Rodger R. Cole_____
             Rodger R. Cole

Attorneys for Defendant INTUIT, INC.

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

Pursuant to General Order No. 45, Section X.B., I hereby attest that I have obtained concurrence of the signatory, Rodger R. Cole, indicated by a "conformed" signature (/s/) within this efiled document.

MOSCONE, EMBLIDGE & QUADRA, LLP

By_____/s/ James A. Quadra _____
             James A. Quadra

Attorneys for Plaintiffs CREATE-A-CARD, INC.;
AGSJ, INC.; and PHILANTHROPIC FOCUS, LLC

## <u>ORDER</u>

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: July __, 2008

By:_____

The Honorable William H. Alsup
United States District Court Judge

16319/40031/LIT/1289373.4

Stipulated Request to Set Deadlines          4          Case No. 3:07-CV-06452-WHA

# EXHIBIT A

## Class Action Settlement Stipulation

Subject to court approval, as of July 25, 2008, Create-A-Card, Inc., AGSJ, Inc. and Philanthropic Focus, LLC in the US action, *Create-A-Card, et al. v. Intuit Inc.*, Case No. CV 07-06452 WHA, pending in the United States District Court for the Northern District of California ("US Action") and Ronald Smith & Associates, Inc. in the Canadian action, *Ronald Smith & Assocs. v. Intuit Canada and Intuit Inc.*, Court File No. 08-CV-348111 CP, pending in the Ontario Superior Court of Justice ("Canadian Action"), on behalf of themselves and the proposed Class defined below, on one hand (collectively, "Plaintiffs"), and Defendants Intuit Inc. and Intuit Canada Ltd., on the other hand (collectively, "Intuit") hereby enter into this binding settlement stipulation in full and complete settlement of the US and Canadian Actions ("Settlement Stipulation").

This Settlement Stipulation is intended as a worldwide settlement and includes full and complete settlement of both the US Action and the Canadian Action. This settlement will be in effect only if there is preliminary and final approval of the settlement in both the U.S. Action and the Canadian Action. Preliminary approval of the settlement will be conditioned on obtaining preliminary approval in both the US and Canadian Actions. Moreover, any final approval of the settlement shall depend on obtaining final approval in both the US and Canadian Actions.

The Parties stipulate and agree to the certification of these Actions as class actions for purposes of this Settlement Stipulation only. Should, for whatever reason, the settlement not become final, the fact that the Parties were willing to stipulate to the definition of the Class and class certification as part of this Settlement Stipulation shall have no bearing on, and shall not be admissible in connection with the issue of, whether a class should be certified in a non-settlement context in the US Action, the Canadian Action, or any other action. Intuit expressly reserves the right to oppose class certification should this settlement not become final.

1.    **Class Definition**. "Class Members" means all registered users of QuickBooks Pro 2006 for Mac or QuickBooks New User Edition 2006 for Mac (the "Software") whose data or files became inaccessible or were damaged, corrupted, or lost, whether temporarily or permanently, as a result of a malfunction of the Software's auto-update mechanism (the "Malfunction") who do not timely opt out of this settlement. Unless otherwise stated, all provisions in this Settlement Stipulation apply to a global settlement that encompasses all members of this class as they are respectively represented in the US and Canadian Actions. The Canadian Action will encompass all Canadian registered users, and the US Action will encompass all registered users except Canadian registered users.

2.    **Notice**.

In the Canadian Action the first notice shall be sent in English and French to all registered Canadian users of QuickBooks Pro 2006 for Mac or QuickBooks New User Edition 2006 for Mac by email. For those Canadian registered users whose email

1

addresses are not available (either in the first instance or as a result of an undeliverable email), notice shall be sent by first class mail (or the Canadian equivalent) at Intuit's expense.

In the US Action summary notice regarding the proposed settlement, with links to the class notice and claims form, will be sent to registered users of QuickBooks Pro 2006 for Mac or QuickBooks New User Edition 2006 for Mac by email. For those registered users whose email addresses are unavailable (either in the first instance or as a result of an undeliverable email), such notice shall be sent by first class mail (or the Canadian equivalent) at Intuit's expense. This summary notice shall also serve as the second notice in the Canadian Action. Thus the second notice in the Canadian Action and the only notice in the US Action (the "Claims Notice") shall be the same notice and sent simultaneously to the entire registered user base. The Claims Notice shall include, *inter alia*, information in English and French for Canadian registered users regarding the Canadian Action, and information in English for all registered users other than Canadian registered users regarding the US Action.

No other notices shall be provided other than the Claims Notices unless notice is sent pursuant to paragraph 4(b)(ii)(b), below. The parties will work, to the extent possible and consistent with Rule 23 and the Ontario *Class Proceedings Act* requirements, to make the notice positive. The parties will further work, to the extent possible and consistent with Rule 23 and the Ontario Class Proceedings Act requirements, to adhere to the anticipated timeline attached hereto as Exhibit 1 with the mutual goal of delivering the Claims Notice sometime between December 1, 2008 and January 31, 2009.

3.    **Claims Process.** Those Class Members who have suffered damages as a result of the Malfunction will be entitled to make claims through an Independent Claims Administrator ("ICA") jointly selected and overseen by the parties, paid for by Intuit, and appointed by the Court, to recover documented damages as specified in Section 4, below. There will be a 90 day claims period.

4.    **Compensation to Class Members.** Class Members will be compensated on a claims-made basis as follows. Intuit will be credited with all compensation already transferred to Class Members (*i.e.*, no double payments to customers that have already received compensation for claims) and the Class will be acknowledged for having initiated the US action within days of manifestation of the Malfunction in December 2007:

a.    **Reimbursements for Certain Data-Recovery Efforts (No Cap).** Intuit will reimburse Class Members for 100% of the following documented expenses incurred on or before April 15, 2008, or April 30, 2008 for Canadian users, directly related to efforts to recover inaccessible, damaged, corrupted, or lost data or files:

i.    Data recovery software (*e.g.*, Data Rescue II) including shipping, handling, and sales tax;

2

ii.    Third-party data-recovery expenses (*e.g.*, for the services of the Apple Genius Bar, DriveSavers, and other third-party data-recovery vendors); and

iii.    Hardware reasonably necessary for data recovery efforts (*e.g.*, external hard drives purchased for use with data recovery software) including shipping, handling, and sales tax.

**b.    <u>Reimbursements for Data-Reconstruction and Other Data-Recovery Efforts (Soft Cap)</u>.**

i.    Intuit will reimburse Class Members for the following documented costs directly related to efforts to reconstruct or recover inaccessible, damaged, corrupted, or lost data or files subject to an aggregate soft cap of $500,000 ("Soft-Cap Expenses"):

a.    If incurred on or before April 15, 2008 (or April 30, 2008 for Canadian users), third-party data-reconstruction expenses (*e.g.*, data re-entry) capped at 20 hours at $75 per hour per Class Member; and

b.    If incurred on or before April 15, 2008 (or April 30, 2008 for Canadian users), in-house data reconstruction and data recovery expenses (*e.g.*, reimbursement for time Class Members' employees spent recovering and reconstructing lost data), capped at 20 hours at $75 per hour per Class Member.

ii.    If the total amount of Soft-Cap Expenses from all Class Members exceeds $500,000, Intuit will have two options to exercise in its sole discretion:

a.    Increase the amount of the soft cap to equal the amount of all claimed Soft-Cap Expenses; or

b.    Instruct the ICA to calculate payments to the Class Members on a pro-rata basis such that the $500,000 soft cap amount is not exceeded and then offer each Class Member claiming any Soft-Cap Expenses a second opportunity to opt out of the class within 30 days of being notified of the amount of their claim that would be paid under this pro-rata distribution.

Intuit will exercise one of the above options within 15 business days of its receipt from the ICA of a binding final ruling on all disputed claims and a final report reflecting the total amount of all claims, and specifically the total amount of Soft-Cap Expenses.

3

c.    **Free Upgrade to QuickBooks Pro 2007 for Mac.**  Intuit will provide a free upgrade to QuickBooks Pro 2007 for Mac to all Class Members who have any damages claims under Sections 4(a) or (b), above, that are approved by the ICA or otherwise paid by Intuit.

d.    **No Other Reimbursement.**  Other than as expressly set forth in Sections 4(a)-(c), above, Intuit will not reimburse any Class Member for any other claimed expenses, losses, or damages.

5.    **Termination Provision.**  If one hundred or more Class Members opt out of the settlement, this settlement, at the option of Intuit, may be terminated.  In the event Intuit exercises its option to terminate this settlement, this Settlement Stipulation shall be null and void, and shall have no further force or effect and shall be without prejudice to the rights and contentions as between the parties.  Intuit will exercise this option within 15 business days of its receipt from the ICA of a binding final ruling on all disputed claims and a final report reflecting the total amount of all claims, and specifically the total amount of Soft-Cap Expenses.

6.    **Proof Required/Claims Form.**  Plaintiffs will work with Intuit and the ICA to develop an appropriate claims form and appropriate documentation requirements (including the requirement that each claimant sign a declaration under penalty of perjury and return that declaration to the ICA via U.S. mail).  Per the anticipated timeline attached as Exhibit 1, Intuit will have an opportunity to review all claims/documentation submitted by claimants and provide written objections to any claims it believes are improperly classified or documented; Intuit and plaintiffs' counsel will then meet and confer in good faith to attempt to resolve the dispute; if they cannot informally and promptly resolve the dispute, the ICA will make a final, binding determination after reviewing brief written statements from each side.

7.    **Additional Payment to Class Representatives.**  In addition to the compensation provided in Section 4(a)-(c), above, Intuit shall pay each of the four named plaintiff class representatives (three in the U.S. and one in Canada) $5,000, but Intuit shall not pay this amount to any class representative who opts out of this settlement.

8.    **Release.**

a.    Upon final approval of the terms of this settlement by both the United States District Court for the Northern District of California and Ontario Superior Court of Justice, the Class Members, on behalf of themselves, their descendants, ancestors, dependents, heirs, executors, and administrators, and on behalf of all of their predecessors, successors, assigns, subsidiaries, affiliates, and operating entities, past and present employees, officers, directors, attorneys, and all of their insurers and sureties, jointly and severally, fully and forever release Intuit and its predecessors, successors, assigns, subsidiaries, affiliates, and operating entities, and each of their respective current and former officers, directors, agents, employees, shareholders, partners, joint venturers, insurers, and attorneys, of and from any claim, duty, obligation, or cause of action, whether

07/30/2008 11:29 IFAX Finance_Fax@intuit.com                    → Greta Melinchuk    ☑005/011

presently known or unknown, suspected or unsuspected, whether raised by claim, counterclaim, setoff or otherwise, that any of them may possess, relating to any and all claims that were alleged in the US Action or the Canadian Action, or otherwise relating to the Malfunction ("Released Claims").

b.      This release does not extend to any rights or obligations incurred under the Settlement Stipulation.

c.      This release does not extend to any claim arising solely from Intuit's disablement of the Software's auto-update mechanism.

d.      Waiver of California Civil Code Section 1542. Upon final approval of the terms of this settlement by both the United States District Court for the Northern District of California and the Ontario Superior Court of Justice, Class Members shall be deemed to each expressly assume the risk that, by entering into this settlement and the releases contained herein, each will forever waive claims for damages relating to the Released Claims that he or she or it does not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect the party's decision to enter into this settlement. In that regard, the Class Members expressly waive the protections and provisions of California Civil Code Section 1542, which provides that:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

e.      The Parties recognize, acknowledge, understand, and assume the risk and possibility that any and all facts or rules of law that have or might have induced the Parties to enter into and execute this Settlement Stipulation may in fact and/or in law be different from the Parties' present, past or future understanding and interpretation of the facts and/or law. The Parties nonetheless agree that this Settlement Stipulation and the releases contained in it shall remain firm, valid, binding and in full force and effect as a release notwithstanding any misunderstanding or misinterpretation of fact and/or law.

f.      Nothing in this Settlement Stipulation shall impact the Software License Agreement (or any other agreement) between Intuit and any Software user, which shall remain in full force and effect.

9.      **Attorneys' Fees and Costs.** Any agreement with respect to attorneys' fees and costs shall be discussed at a later time and shall not be considered with regard to the terms of settlement for the class. Any payment of attorneys' fees/costs will be additional to any amounts paid pursuant to the settlement terms set forth in this Settlement Stipulation. Intuit acknowledges that class counsel are entitled to some

payment of attorneys' fees/costs, but reserves the right to challenge any amount of claimed attorneys' fees/costs. The Parties recognize that any payment of attorneys' fees/costs will be subject to court approval.

10.    **No Admission of Liability.**    The parties understand and acknowledge that this Settlement Stipulation constitutes a compromise and settlement of disputed claims relating to the US and Canadian Actions. Whether or not the Court ultimately approves this settlement, neither this Settlement Stipulation, any document, statement, proceeding or conduct related to this settlement, nor any reports or accounts thereof, shall in any event be construed as, offered or admitted in evidence as, received as, or deemed to be an admission for any purpose adverse to Plaintiffs or Intuit (including, but not limited to, as evidence of a presumption, concession, indication or admission by Intuit of any liability, fault, wrongdoing, omission, concession or damage) in the Actions or in any other action or proceeding. The sole purposes of this Settlement Stipulation, and any document, statement, proceeding or conduct related to this Settlement Stipulation, are for the settling of the Actions.

11.    **Interim Stay of Proceedings.**    Subject to the approval of the respective courts, all proceedings in the US Action and Canadian Action shall be stayed, except as to those matters necessary to consummate this settlement or unless the settlement is terminated pursuant to its terms.

12.    **Counterparts.**    This Settlement Agreement may be executed in any number of actual or copied counterparts and by counsel for the Parties in separate counterparts, each of which when so executed and delivered shall be an original. The executed signature pages from each actual or copied counterpart may be joined together and attached to one such original, which shall constitute one and the same instrument.

**REMAINDER INTENTIONALLY LEFT BLANK;
SIGNATURES FOLLOW ON PAGES 7 AND 8**

Dated: July 29, 2008                 By: _Arth Messa_____
                                         Arthur Messina
                                         President
                                         Create-A-Card, Inc.


Dated: July __, 2008                 By:_____
                                         Juan Loredo
                                         President
                                         AGSJ, Inc.


Dated: July __, 2008                 By:_____
                                         Philip Flynn
                                         Founder
                                         Philanthropic Focus LLC


Dated: July __, 2008                 By:_____
                                         Ronald Smith
                                         Ronald Smith & Associates


Dated: July __, 2008                 By:_____
                                         Jean-Paul Guilbault
                                         Vice-President
                                         Vice President, Small Business Group,
                                         Technical Support & Service
                                         Intuit Inc.


Dated: July __, 2008                 By: _____

                                     Name:

                                     Title:

                                     Intuit Canada Ltd.


7

07/29/2008  12:56    6503487462              THE UPS STORE 2354                    PAGE  01/01

_Fax  415- 302-2006. Rebecca Bidwell-Coll_

Dated: July __, 2008        By: _____
                                 Arthur Messina
                                 President
                                 Create-A-Card, Inc.

Dated: July 24 2008         By: _____
                                 Juan Loredo
                                 President
                                 AGSJ, Inc.

Dated: July __, 2008        By: _____
                                 Philip Flynn
                                 Founder
                                 Philanthropic Focus LLC

Dated: July __, 2008        By: _____
                                 Ronald Smith
                                 Ronald Smith & Associates

Dated: July __, 2008        By: _____
                                 Jean-Paul Guilbault
                                 Vice-President
                                 Vice President, Small Business Group,
                                 Technical Support & Service
                                 Intuit Inc.

Dated: July __, 2008        By: _____

                            Name: _____

                            Title: _____

                            Intuit Canada Ltd.

7

Dated: July __, 2008                        By: _____
                                                Arthur Messina
                                                President
                                                Create-A-Card, Inc.

Dated: July __, 2008                        By: _____
                                                Juan Loredo
                                                President
                                                AGSJ, Inc.

Dated: July 28, 2008                        By: _____
                                                Philip Flynn
                                                Founder
                                                Philanthropic Focus LLC

Dated: July __, 2008                        By: _____
                                                Ronald Smith
                                                Ronald Smith & Associates

Dated: July __, 2008                        By: _____
                                                Jean-Paul Guilbault
                                                Vice-President
                                                Vice President, Small Business Group,
                                                Technical Support & Service
                                                Intuit Inc.

Dated: July __, 2008                        By: _____

                                            Name: _____

                                            Title: _____

                                            Intuit Canada Ltd.

Dated: July    , 2008                    By: _____
                                            Arthur Messina
                                            President
                                            Create-A-Card, Inc.


Dated: July ___, 2008                     By: _____
                                            Juan Loredo
                                            President
                                            AGSJ, Inc.


Dated: July ___, 2008                     By: _____
                                            Philip Flynn
                                            Founder
                                            Philanthropic Focus LLC


Dated: July 25, 2008                      By: _____
                                            Ronald Smith
                                            Ronald Smith & Associates Inc.


Dated: July ___, 2008                     By: _____
                                            Jean-Paul Guilbault
                                            Vice-President
                                            Vice President, Small Business Group,
                                            Technical Support & Service
                                            Intuit Inc.


Dated: July ___, 2008                     By: _____

                                          Name:

                                          Title:

                                          Intuit Canada Ltd.

Dated: July ___, 2008

By:_____
    Arthur Messina
    President
    Create-A-Card, Inc.

Dated: July ___, 2008

By:_____
    Juan Loredo
    President
    AGSJ, Inc.

Dated: July ___, 2008

By:_____
    Philip Flynn
    Founder
    Philanthropic Focus LLC

Dated: July ___, 2008

By:_____
    Ronald Smith
    Ronald Smith & Associates

Dated: July _31_, 2008

By:_____
    Jean-Paul Guilbault
    Vice-President
    Vice President, Small Business Group,
    Technical Support & Service
    Intuit Inc.

Dated: July ___, 2008

By:_____

Name:

Title:

Intuit Canada Ltd.

Dated: July __, 2008

By:_____
    Arthur Messina
    President
    Create-A-Card, Inc.

Dated: July __, 2008

By:_____
    Juan Loredo
    President
    AGSJ, Inc.

Dated: July __, 2008

By:_____
    Philip Flynn
    Founder
    Philanthropic Focus LLC

Dated: July __, 2008

By:_____
    Ronald Smith
    Ronald Smith & Associates

Dated: July __, 2008

By:_____
    Jean-Paul Guilbault
    Vice-President
    Vice President, Small Business Group,
    Technical Support & Service
    Intuit Inc.

Dated: July 30, 2008

By:_____

    Yves Millette
    President & CEO
    Intuit Canada Ltd.

APPROVED AS TO FORM BY COUNSEL.

Dated: July 30, 2008                    MOSCONE, EMBLIDGE, & QUADRA, LLP

                                        By:
                                            _____
                                            James A. Quadra


Dated: July ___, 2008                   LIEFF, CABRASER, HEIMANN &
                                        BERNSTEIN, LLP

                                        By: _____
                                            Jonathan D. Selbin


Dated: July ___, 2008                   HARRISON PENSA

                                        By: _____
                                            Jonathan I. Foreman


Dated: July ___, 2008                   FENWICK & WEST LLP

                                        By: _____
                                            Rodger R. Cole


Dated: July ___, 2008                   FASKEN MARTINEAU DUMOULIN LLP

                                        By: _____
                                            Annie M.K. Finn

**APPROVED AS TO FORM BY COUNSEL.**

Dated: July ___, 2008

MOSCONE, EMBLIDGE & QUADRA, LLP

By:_____
            James A. Quadra

Dated: July 29, 2008

LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP

By:_____ For
            Jonathan D. Selbin

Dated: July ___, 2008

HARRISON PENSA

By:_____
            Jonathan J. Foreman

Dated: July ___, 2008

FENWICK & WEST LLP

By:_____
            Rodger R. Cole

Dated: July ___, 2008

FASKEN MARTINEAU DUMOULIN LLP

By:_____
            Annie M.K. Finn

8

**APPROVED AS TO FORM BY COUNSEL.**

Dated: July __, 2008

MOSCONE, EMBLIDGE & QUADRA, LLP

By: _____
        James A. Quadra

Dated: July __, 2008

LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP

By: _____
        Jonathan D. Selbin

Dated: July 30, 2008

HARRISON PENSA

By: _____
        Jonathan J. Foreman

Dated: July __, 2008

FENWICK & WEST LLP

By: _____
        Rodger R. Cole

Dated: July __, 2008

FASKEN MARTINEAU DUMOULIN LLP

By: _____
        Annie M.K. Finn

**APPROVED AS TO FORM BY COUNSEL.**

Dated: July __, 2008

                     MOSCONE, EMBLIDGE & QUADRA, LLP

                     By:_____
                              James A. Quadra

Dated: July __, 2008

                     LIEFF, CABRASER, HEIMANN &
                     BERNSTEIN, LLP

                     By:_____
                              Jonathan D. Selbin

Dated: July __, 2008

                     HARRISON PENSA

                     By:_____
                              Jonathan J. Foreman

Dated: July 30, 2008

                     FENWICK & WEST LLP

                     By:_____
                              Rodger R. Cole

Dated: July 30, 2008

                     FASKEN MARTINEAU DUMOULIN LLP

                     By:_____
                              Annie M.K. Finn

8

**Exhibit 1**
**Anticipated Settlement Timeline**

| Approximate Date | Number of Days | Action |
|---|---|---|
| 8/15/08 | 0 | US Action plaintiffs file motion for preliminary approval and approval of class notice. Canadian Action plaintiffs file materials for case management meeting and approval of the first notice |
| 8/25/08 | 10 | Case management meeting in Canadian Action to discuss the case and the proposed settlement and to approve the form of the first Canadian notice of the settlement hearing conditioned on US preliminary approval. Would also set date for Canadian hearing approximately 64 days out. |
| 9/1/08 | 17 | Canadian Action order issued approving first notice |
| 9/5/08 | 21 | US Action hearing on motion for preliminary approval. (Parties will seek a stay of US Action pending Canadian approval for second class notice) |
| 9/5/08 | 21 | Preliminary approval in US Action |
| 9/8/08 | 24 | First Canadian notice to all registered Canadian users sent out (approximately 340) with 50 day notice of settlement approval period. Notice in both English and French. Sent 3 days after preliminary approval in US Action |
| 10/28/08 | 74 | Final settlement approval hearing in Canadian Action to consider class settlement certification, fairness of the settlement terms and procedure, approval of second class notice, hearing any objections from the Class Members or the public, and Canadian class counsel fee. Conditioned on US court approval (50 days after first Class notice in Canadian Action). |
| 11/07/08 | 84 | Canadian Action order issued approving second notice contingent on final approval of US Action |
| 12/1/08 | 108 | Single Claims Notice sent to entire registered QB 2006 for Mac user base (US Notice and second Canadian Notice) (87 days after preliminary approval in US Action) – this is the second notice in Canadian Action |

9

| Approximate Date | Number of Days | Action |
|---|---|---|
| 1/30/09 | 168 | Opt out period ends (60 days after notice) |
| 2/5/09 | 174 | US Action motion for attorneys' fees/incentive pay and final approval filed. Final approval motion must seek approval of language of "pro rata" notice in the event that Intuit exercises the pro rata option (21 days before final approval hearing). |
| 2/10/09 | 179 | Written objections to settlement to be filed in US Action (70 days after notice; 14 days before final approval hearing) |
| 2/19/09 | 186 | US Action parties submit written responses to objections to settlement (7 days before final approval hearing) |
| 2/26/09 | 195 | US Action hearing on final approval (84 days after notice) |
| 3/11/09 | 198 | Claims period ends (90 days after notice) |
| 3/18/09 | 205 | Claims administrator provides to the parties a report of claims, including the total amount of "soft cap expenses" claimed and documentation received from Class Members |
| 3/25/09 | 212 | Intuit will advise claims administrator and plaintiffs' counsel of any objections to any claims. |
| 4/1/09 | 219 | If the parties have been unable to resolve disputes regarding Intuit's objections by meeting and conferring, parties will submit brief written statements to claims administrator for final determination of disputes |
| 4/8/09 | 226 | Claims administrator shall make a binding final ruling on all disputed claims and shall issue a final report reflecting the total amount of all claims, and specifically the total amount of "soft cap expenses." |

| Approximate Date | Number of Days | Action |
|---|---|---|
| 4/29/09 | 247 | If "soft-cap claims" exceed $500k soft cap, Intuit will advise the claims administrator and plaintiffs' counsel of its decision whether to increase the amount of soft cap to equal the amount of all claims or to offer pro-rata payments (15 business days after claims administrator's report). |
| 4/29/09 | 247 | If 100 or more people opt out of the settlement, Intuit will advise the claims administrator and plaintiffs' counsel of its decision whether it will terminate the agreement. |
| 4/29/09 | 247 | If "soft-cap claims" are within soft cap or Intuit decides to increase the amount of soft cap to equal claims in excess of soft cap, claims administrator shall pay claims. In addition, Intuit will deliver to claimants a copy of the 2007 version of QuickBooks for Mac. |
| 4/29/09 | 247 | If Intuit does not terminate the settlement, claims administrator/Intuit pays incentive payments and attorneys' fees/costs. |
| 5/6/09 | 254 | If Intuit decides to exercise the option for a pro-rata reduction of soft-cap claims, a "pro rata" class notice goes to users who submitted soft-cap claims. |
| 6/5/09 | 284 | Deadline to opt-out after "pro rata" notice and pursue an individual claim (30 days after notice) |
| 6/8/09 | 287 | Claims administrator pays pro-rata claims. In addition, Intuit delivers to claimants a copy of the 2007 version of QuickBooks for Mac. |

16319/40031/LIT/1289115.6