# EXHIBIT 1
## (Part 2)

**EXHIBIT A**

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION TO REGISTERED USERS OF QUICKBOOKS® PRO 2006 FOR MAC OR QUICKBOOKS® NEW USER EDITION 2006 FOR MAC IN CANADA

PLEASE READ THIS NOTICE CAREFULLY. IT MAY AFFECT YOUR LEGAL RIGHTS.

**Notice**

This notice is directed to all registered users of QuickBooks® Pro 2006 for Mac or QuickBooks® New User Edition 2006 for Mac (the "Software") in Canada whose data or files became inaccessible or were damaged, corrupted, or lost, whether temporarily or permanently, as a result of a malfunction in the Software's auto-update mechanism.

A class proceeding lawsuit has been initiated in Ontario against Intuit Canada and Intuit Inc. ("Defendants"), in which it is alleged that Defendants' negligence and trespass caused the deletion of Software users' Mac desktop data and resulting damages. A similar class action has also been filed in the United States District Court for the Northern District of California against Intuit Inc. The lawsuits concern an alleged malfunction with the Software's auto-update mechanism that may have caused certain users' data or files to become inaccessible or damaged, corrupted, or lost, whether temporarily or permanently. As currently known to the parties and their counsel, you may experienced desktop data deletion one of two ways: you (1) accessed the Software between 9:30 p.m. (PST) on December 15, 2007, and 10:00 a.m. (PST) on December 17, 2007; or (2) accessed the Software before 10:00 a.m. (PST) on January 3, 2008, through a publicly available wireless network that requires payment for use. Defendants deny any wrongdoing or liability in the lawsuit as they have already provided compensation to certain registered users for their data recovery expenses, believe the malfunction cannot recur as they have ensured disablement of the Software's auto-update mechanism, notified their registered users of the issue, and instituted internal safeguards. By agreeing to the proposed settlement described in this Notice, Defendants are not admitting the merits of the claims in the lawsuits and continue to deny any wrongdoing.

Intuit has publicly indicated its willingness to make compensatory payments to all of its registered users, including those in Canada, whose data or files became inaccessible or were damaged, corrupted, or lost, whether temporarily or permanently as a result of an error in the Software's auto-update mechanism ("Class Members").

An agreement (the "Settlement" or "Settlement Agreement") has been reached in both the Ontario and U.S. actions between the Plaintiffs (the individuals who brought the lawsuits) and Defendants. In order for the Settlement Agreement to become effective, it must be approved by the Ontario Superior Court of Justice and the United States District Court for the Northern District of California.

**Settlement Terms and Benefits**

If the Settlement Agreement is approved, Class Members will be eligible to receive compensatory payments under the Settlement and a free upgrade to QuickBooks® Pro 2007 for Mac. The payment will be based on expenses incurred by the Class Member in recovering and reconstructing their lost desktop data. The Settlement Agreement describes the payment amounts in detail. Generally, so that you can decide about your rights before the Settlement is final, the following gives an overview:

Class Members in Canada will be fully reimbursed for all documented expenses incurred for their data recovery efforts (*e.g.*, data recovery software, the services of third party data recovery vendors, hardware reasonably necessary for data recovery efforts) that were incurred on or before April 30, 2008.

Class Members in Canada will also be reimbursed for data reconstruction expenses and in-house data recovery efforts that were incurred on or before April 30, 2008. These data reconstruction reimbursements will be capped as follows: 20 hours at $75 USD/hour for third party data reconstruction expenses and 20 hours at $75 USD/hour for in-house data reconstruction or data recovery expenses. These payments may be reduced pro rata if the total amounts claimed for these expenses by Class Members in Canada and the US exceed $500,000 USD.

The payment amounts and the product upgrade set forth above are intended to provide fair and reasonable compensation for damages Class Members may have incurred.

**It is proposed that the Claims Period shall expire on [insert fixed date]. Class Members are encouraged to prepare all necessary documentation as soon as practicable in order to file a timely Claim Form.**

EXECUTION COPY

A copy of the Settlement Agreement and all Exhibits, including the Claim Form, is posted at the QuickBooks® 2006 for Mac Settlement Website at [CLAIMS ADMINISTRATOR WEBSITE] and may be requested by contacting the Claims Administrator at the contact information noted below.

**Proposed Class**

The Settlement Agreement proposes certification of the following class:

"All registered users of QuickBooks® Pro 2006 for Mac or QuickBooks® New User Edition 2006 for Mac (the 'Software') whose data or files became inaccessible or were damaged, corrupted, or lost, whether temporarily or permanently, as a result of a malfunction of the Software's auto-update mechanism (the 'Malfunction') who do not timely opt out of this settlement."

**Class Counsel Recommendation**

Class Members in Canada are represented by the law firm HARRISON PENSA LLP.  Canadian Class Counsel can be reached at (519) 661-6775 or toll free at [PHONE NUMBER].  Their website is www.harrisonpensa.com.

Class Counsel is highly experienced in class action litigation and recommend the Settlement.  In negotiating the Settlement, Class Counsel considered, among other factors, the following:

1.      Challenges in overcoming the applicable End User License Agreement; and

2.      Challenges in establishing liability against Defendants.

Detailed material in support of Settlement approval and approval of Class Counsel fees is posted at the QuickBooks® 2006 for Mac Settlement Website and may be updated from time to time.  Class Members are encouraged to review this material in considering whether or not to object to the Settlement.

**Settlement Approval Hearings & Class Members' Right to Object**

This Notice is to advise you of the Approval Hearing for the Settlement in the Ontario action brought on behalf of Class Members resident in Canada, which will take place on [insert fixed date] at [TIME/LOCATION]

Canadian members of the proposed class who do not oppose the Settlement need not appear at the hearing or take any other action at this time to indicate their desire to participate in the Settlement.  Members of the proposed class are entitled to object to the Settlement and have the right to appear at the appropriate hearing, in person or through a lawyer.

Canadian members of the proposed class who wish to object to the Settlement are encouraged to send an objection in writing by mail or by fax, delivered on or before [insert fixed date 45 days after the first notice is sent], to the Claims Administrator at the address or fax number below.  All written objections will be presented to the Canadian Court for consideration.  If a written objection is filed, it is requested that the written objection include the following information:

1.      The individual's name, address, telephone number, fax number, and e-mail address.

2.      A statement that he or she is a member of a proposed class.

3.      A brief statement of the nature of and reasons for the objection.

4.      Whether he or she intends to appear at the Canadian Court hearing in person or through a lawyer and if through a lawyer, the lawyer's name, address, telephone number, fax number and e-mail address.

If you do not file a written objection by [insert fixed date], you will not be entitled to participate in the settlement approval hearing, unless you obtain the approval of the Court.

**Right to Opt Out**

EXECUTION COPY

If the Settlement is approved and the Ontario and U.S proceedings are certified as class actions, Class Members shall have the right to exclude themselves from the Settlement. Those who opt out shall not be eligible for any of the payments set out in the Settlement Agreement. Any such person who does not opt out shall be bound by the terms of the Settlement Agreement and all related court orders and shall be forever barred from commencing any proceeding against Defendants in respect of any data or files that became inaccessible or were damaged, corrupted, or lost, whether temporarily or permanently as a result of the malfunction in the Software's auto-update mechanism alleged in the Ontario and U.S. proceedings. An additional summary notice by email advising of the courts' approval of the Settlement, if approval is granted, will be sent including the full notice for Class Members resident in Canada that will specify the deadline by which Class Members will be required to opt out. The proposed opt out deadline is sixty (60) days after this notice of the approval of the Settlement is sent. Class Members are also encouraged to follow the results of the Settlement approval process on the QuickBooks® 2006 for Mac Settlement Website at [CLAIMS ADMINISTRATOR WEBSITE].

Defendants have the right to withdraw from the Settlement if the number of opt outs is financially significant to them or if a United States court does not approve a related class action pending in the United States District Court for the Northern District of California.

**Class Counsel Fees**

Under the terms of the proposed Settlement, Class Counsel (including plaintiffs' counsel in the United States) will seek their legal fees, inclusive of disbursements and applicable taxes from the Defendants. These funds will not reduce settlement benefits to class members and shall be paid separate from and in addition to the payments to Class Members. The final sum payable to Class Counsel is subject to the approval of the Ontario and U.S. Courts at their respective approval hearings.

**Claims Administrator**

[INSERT CLAIMS ADMINISTRATOR INFORMATION]

**Questions about the Settlement**

Do not direct any questions about this notice or the Settlement to the Courts. The Courts cannot answer them. Any questions should be directed to Class Counsel and/or the Claims Administrator following a review of the QuickBooks® 2006 for Mac Settlement Website and the Settlement Agreement and Exhibits.

**Interpretation**

If there is any conflict between the provisions of this Notice and the Settlement Agreement and any of its Exhibits, the terms of the Settlement Agreement shall prevail.

**This notice has been approved by the Honourable [Designated Canadian Judge] of the Ontario Superior Court of Justice and by the Honorable William H. Alsup of the United States District Court for the Northern District of California.**

3

EXECUTION COPY

**EXHIBIT B**

ONTARIO SUPERIOR COURT OF JUSTICE

If you are a registered user of
*QuickBooks® Pro 2006 for Mac* or *QuickBooks® New User Edition 2006 for Mac* and your
data or files became inaccessible or were damaged, corrupted, or lost, whether temporarily or
permanently, as a result of a malfunction in the Software's auto-update mechanism
you may be entitled to compensation pursuant to a class action settlement.

*This is a court-authorized Notice.  This is not a solicitation from a lawyer.*

- A worldwide settlement has been reached in the class action lawsuits about whether a malfunction in the auto-update mechanism in the *QuickBook® Pro 2006 for Mac* or *QuickBooks® New User Edition 2006 for Mac* software (the "Software") caused users' data or files to become inaccessible or damaged, corrupted, or lost, whether temporarily or permanently.  As currently known to the parties and their counsel, you may have experienced desktop data deletion one of two ways:  (1) accessing the Software between 9:30 p.m. (PST) on December 15, 2007, and 10:00 a.m. (PST) on December 17, 2007; or (2) accessing the Software before 10:00 a.m. (PST) on January 3, 2008, at a publicly available wireless network that requires payment for use.  If you believe you have suffered desktop data deletion in another manner as a result of a malfunction in the auto-update mechanism in the Software, you may still submit a claim explaining the circumstances of the desktop data deletion and the reason you believe the desktop data deletion was caused by the auto-update mechanism in the Software.

- The Canadian Court provided final approval of the settlement on [insert date].  The Canadian settlement approval is contingent on final approval of the settlement by the US Court.

- When Intuit learned of the issue in December 2007, it created a dedicated support team to assist affected customers, diligently investigated and identified the source of the issue, and ensured disablement of the auto-update mechanism in the Software to prevent any recurrence.  This settlement builds upon Intuit's goal to reimburse affected customers for their data recovery efforts, to provide affected customers a free upgrade to QuickBooks® Pro 2007 for Mac, and to compensate affected customers for their data reconstruction efforts.  The criteria for qualifying for settlement benefits are described in greater detail in this Notice.

- The Courts in charge of these lawsuits still have to decide whether to finally approve the settlement.  Settlement benefits will be provided if the Courts finally approve the settlement and after appeals, if any, are resolved.  Please be patient.

- Your legal rights are affected whether you act or don't act.  Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a claim form.** | The only way to get a reimbursement and upgrade. |
| **Exclude yourself.** | Get no payment.  Retain the right to sue Intuit in respect of the legal claims advanced in the class action at your own expense.. |
| **Do nothing.** | Get no payment. Give up rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

EXECUTION COPY

## WHAT THIS NOTICE CONTAINS

1.   **BASIC INFORMATION** ............................................................1Why did I get a notice?
2.   What are these lawsuits about?
3.   Why are these lawsuits class actions?
4.   Why is there a settlement?

**WHO IS INCLUDED IN THE SETTLEMENT?** ...................................................................2
5.   How do I know if I am part of the settlement?
6.   Which QuickBooks® products are included?
7.   If I experienced desktop data deletion but recovered some or all of my files, am I still included?
8.   If Intuit already reimbursed me or sent me a free upgrade, am I still included?
9.   What if I have lost Mac desktop data, but not before January 3, 2008?
10.  I'm still not sure if I am included.

**THE SETTLEMENT BENEFITS – WHAT YOU MAY GET** ................................................3
11.  What does the settlement provide?
12.  Are there limits on the amount I can get?

**HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM** ......................................4
13.  How can I get a payment or free upgrade?
14.  What if I already received payment or a free upgrade from Intuit?
15.  What if my claim for reimbursement is disputed?
16.  When would I get my payment or free upgrade?
17.  What am I giving up to get a payment or stay in the Class?

**RELEASE OF CLAIMS** ....................................................................................................5

**EXCLUDING YOURSELF FROM THE SETTLEMENT** .....................................................5
18.  How do I opt out?
19.  If I don't exclude myself, can I sue Defendants for the same thing later?
20.  If I exclude myself, can I get money from the settlement?

**THE LAWYERS REPRESENTING YOU** ..........................................................................6
21.  Do I have a lawyer in the case?
22.  How will my lawyers be paid?

**PLAINTIFFS** ...................................................................................................................6
23.  Will Plaintiffs be paid anything?

**IF YOU DO NOTHING** .....................................................................................................8

**GETTING MORE INFORMATION** .....................................................................................8

**BASIC INFORMATION**

The company that sold **QuickBooks® Pro 2006 for Mac** or **QuickBooks® New User Edition 2006 for Mac** was sued in a U.S. class action lawsuit and a Canadian class action lawsuit. The people who sued are called the "Plaintiffs," and the companies they sued (Intuit Inc. in the U.S. lawsuit and Intuit Inc. and its subsidiary Intuit Canada Ltd. in the Canadian lawsuit) are called the "Defendants."

Judge William H. Alsup of the United States District Court for the Northern District of California is overseeing the U.S. lawsuit, named *Create-A-Card, Inc., AGSJ, Inc. and Philanthropic Focus LLC. v. Intuit Inc.*, CV-07-6452 WHA. Justice [INSERT] of the Ontario Superior Court of Justice in Toronto, Canada is overseeing the Canadian lawsuit, named *Ronald Smith Associates, Inc. v. Intuit Inc. and Intuit Canada*, 08-348111 CP.

| 1. | Why did I get a notice? |
|---|---|

You received notice because you are a registered user of QuickBooks® Pro 2006 for Mac or QuickBooks® New User Edition 2006 for Mac. Notice has been provided to you because you have a right to know about the proposed settlement of these two class action lawsuits before the Courts decide whether to approve the settlement. This Notice explains the lawsuits, the settlement and your legal rights.

| 2. | What are these lawsuits about? |
|---|---|

The lawsuits concern an alleged malfunction with the Software's auto-update mechanism that may have caused certain users' data or files to become inaccessible or damaged, corrupted, or lost, whether temporarily or permanently. As currently known to the parties and their counsel, you may have experienced desktop data deletion one of two ways: (1) accessing the Software between 9:30 p.m. (PST) on December 15, 2007, and 10:00 a.m. (PST) on December 17, 2007; or (2) accessing the Software before 10:00 a.m. (PST) on January 3, 2008, at a publicly available wireless network that requires payment for use. The lawsuits claim Defendants should have known of the malfunction or otherwise should be held legally responsible for any data damage or loss experienced by affected customers.

Defendants deny any wrongdoing or liability in the lawsuits as they claim they have already compensated registered users for their data recovery expenses, believe the malfunction cannot recur as they have ensured disablement of the Software's auto-update mechanism, notified their registered users of the issue, and instituted internal safeguards. By agreeing to the proposed settlement described in this Notice, Defendants are not admitting the merits of the claims in the lawsuits and continue to deny any wrongdoing.

| 3. | Why are these lawsuits class actions? |
|---|---|

In a class action, one or more people called "Class Representatives" (Create-A-Card, Inc., AGSJ, Inc., and Philanthropic Focus LLC in the U.S. lawsuit, and Ronald Smith Associates, Inc. in the Canadian lawsuit) sue on behalf of people who have similar claims. All of these people are a "Class" or "Class Members." A court must determine if a lawsuit or a settlement should proceed as a class action. If it does proceed as a class action, there may be a trial. A trial then decides the outcome of the lawsuit for everyone in the Class. Sometimes, the parties may settle without a trial.

Generally, one court resolves the issues for all Class Members except for those who exclude themselves from the Class. In this case, there is one U.S. court overseeing the lawsuit for all Class Members except those in Canada, and one Canadian court overseeing the lawsuit for all Class Members in Canada.

1

EXECUTION COPY

| 4.     Why is there a settlement? |
|---|

A settlement is <u>not</u> an admission of any wrongdoing by the Defendants.  No court or jury made any decision in favor of any party.  Instead, both sides mutually agreed to settle the claims.  By settling, they both avoid the risks, delays, and costs of ongoing litigation and a trial, and the class members are eligible to receive settlement benefits.  The Plaintiffs and their attorneys recommend this settlement because they believe this settlement is the best option for everyone in the Class.

## WHO IS INCLUDED IN THE SETTLEMENT?

To see if you are affected or if you can get benefits from the settlement, you first have to determine whether you are a Class Member.

| 5.     How do I know if I am part of the settlement? |
|---|

The Courts decided that everyone who fits the following description is a Class Member:  *All registered users of QuickBooks® Pro 2006 for Mac or QuickBooks® New User Edition 2006 for Mac whose data or files became inaccessible or were damaged, corrupted, or lost, whether temporarily or permanently, as a result of a malfunction of the Software's auto-update mechanism.*

| 6.     Which QuickBooks® products are included? |
|---|

Only QuickBooks® Pro 2006 for Mac and QuickBooks® New User Edition 2006 for Mac are included.  No other QuickBooks® products are included.

| 7.     If I experienced desktop data deletion but recovered some or all of my files, am I still included? |
|---|

Yes, if you were able to recover some or all of your desktop data, you are still a Class Member.  Whether or not you are entitled to receive benefits from the settlement, will depend on whether you incurred any reimbursable expenses as described below in Question 11.

| 8.     If Intuit already reimbursed me or sent me a free upgrade, am I still included? |
|---|

Yes, you are still a Class Member even if Intuit has already reimbursed you for some or all of your expenses, or sent you a free upgrade.  You are entitled to the same benefits as any other Class Member, but Intuit will be credited with any benefits it has already provided to you.

| 9.     What if I have lost Mac desktop data, but not before January 3, 2008? |
|---|

You are a Class Member only if your data or files became inaccessible or were damaged, corrupted, or lost, whether temporarily or permanently, <u>as a result of a malfunction in the Software's auto-update mechanism</u>.  As currently known to the parties and their counsel, you may have experienced desktop data deletion in one of two ways:  you (1) accessed the Software between 9:30 p.m. (PST) on December 15, 2007, and 10:00 a.m. (PST) on December 17, 2007; or (2) accessed the Software before 10:00 a.m. (PST) on January 3, 2008, at a publicly available wireless network that requires payment for use.  If you believe you have suffered desktop data deletion in another manner as a result of a malfunction in the auto-update mechanism in the Software, you may still submit a claim explaining the circumstances of the desktop data deletion and the reason you believe the desktop data deletion was caused by the auto-update mechanism in the Software.

2

EXECUTION COPY

| 10. | I'm still not sure if I am included. |

If you are still not sure whether you are included in the Class, you may call [INSERT NUMBER] with questions.

## THE SETTLEMENT BENEFITS – WHAT YOU MAY GET

| 11. | What does the settlement provide? |

The proposed settlement provides the following benefits:

| | |
|---|---|
| 1. Full reimbursement for certain data recovery expenses.<br><br>*Expenses must have been incurred on or before April 15, 2008 (or April 30, 2008 for Canadian Class Members).* | ▪ Costs of data recovery software (including any shipping, handling and tax);<br><br>▪ Third party data recovery expenses (such as for services of Apple Genius bars, DriveSavers or other third party data recovery vendors); and/or<br><br>▪ Hardware reasonably necessary for data recovery efforts (such as hard drives purchase for use with data recovery software) including any shipping, handling and tax. |
| 2. Reimbursement for data reconstruction and other data recovery efforts.<br><br>*Expenses must have been incurred on or before April 15, 2008 (or April 30, 2008 for Canadian Class Members).* | ▪ Third party data reconstruction expenses (such as data re-entry) capped at 20 hours at $75 USD/hour per Class Member; and/or<br><br>▪ In-house data reconstruction and data recovery expenses (such as reimbursement for time Class Members' employees spent recovering and reconstructing lost data) capped at 20 hours at $75 USD/hour per Class Member.<br><br>Note:  Under the proposed settlement, these claims are subject to an aggregate cap of $500,000 USD.  If the claims received exceed $500,000 Intuit can do one of two things:<br><br>*Option 1.*  Pay all claims.  (For example: If there are $600,000 in claims, Intuit can pay $100,000 in addition to the $500,000 it has already committed.)<br><br>*Option 2.*  Request a *pro rata* reduction.  (For example: If there are $1,000,000 in claims and your claim is $2,000, you will be notified of a pro rata reduction to $1,000.  You will then get another chance to exclude yourself from the Class.) |
| 3. Free upgrade to QuickBooks® Pro 2007 for Mac (retailing at approximately $199.95 USD) to any Class Member with an approved claim. | N/A |

3

**EXECUTION COPY**

| 12. | Are there limits on the amount I can get? |
|---|---|

There is no limit on the total reimbursements for certain types of data recovery expenses, but there is a cap on the amount of reimbursements you can get for data reconstruction expenses and in-house data recovery expenses (see answer to Question 11 above).

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 13. | How can I get a payment or free upgrade? |
|---|---|

You must submit a Claim Form. A Claim Form is included with this Notice. You may also download a Claim Form at [WEBSITE]. Read the instructions carefully, fill out the Claim Form completely, and return the completed Claim Form by March 11, 2009. **IF YOU DO NOT SUBMIT YOUR SIGNED CLAIM FORM BY THIS DEADLINE YOU WILL BE DEEMED TO HAVE WAIVED YOUR RIGHT TO RECEIVE ANY PAYMENT FROM THIS SETTLEMENT.**

A Claims Administrator, unrelated to any party in these lawsuits, will administer the settlement and review all Claim Forms and accompanying documented expenses. Include with your Claim Form as much documentation as possible regarding your reimbursable expenses. Your information will be treated confidential and will not be shared with anyone except the Claims Administrator and the parties to the lawsuits. By signing your Claim Form, you will also be authorizing the Claims Administrator to contact you for more information to help evaluate your claim, if needed. The Claims Administrator will make the initial determination of whether your Claim Form is, valid, verified and complete, and, if necessary, will make the final determination regarding any disputed claims (see Question 15 below).

*All reimbursements for data reconstruction expenses and in-house data recovery expenses may be pro-rated to a lesser amount, depending on the total number of people who claim benefits (see answer to Question 11 above). You will be notified if your claimed amount is pro-rated and be provided a second opportunity to exclude yourself from the Class.*

| 14. | What if I already received payment or a free upgrade from Intuit? |
|---|---|

Intuit will be credited with any benefits it has already provided you. Therefore, if you have already received a reimbursement payment and a free upgrade from Intuit, have no further reimbursable expenses, and do not intend to pursue any further action against Intuit, you do not need to do anything. However, if you have additional expenses reimbursable under the settlement or have not received a free upgrade from Intuit, you should either submit a fully completed Claim Form or opt out of the settlement so you can pursue your own lawsuit against Intuit. There is a place on the Claim Form to report any benefits you have already received from Intuit.

| 15. | What if my claim for reimbursement is disputed? |
|---|---|

There is a dispute resolution process in the settlement with regard to any claims that Defendants object to (due to, for example, improper classification or documentation). If the parties are unable to resolve the disputed claim, then the Claims Administrator will make a final determination whether to accept or deny the claim. For more information see sections 10.8 and 10.12 of the Settlement Agreement available at [INSERT WEBSITE].

| 16. | When would I get my payment or free upgrade? |
|---|---|

You will receive your payment check and/or free upgrade within 4 to 8 weeks of the settlement being approved by both Courts and the judgments entered in both lawsuits become final, which is projected to take place next summer.

| 17. | What am I giving up to get a payment or stay in the Class? |
|---|---|

EXECUTION COPY

Unless you exclude yourself by _____, you are staying in the Class, and that means you can't sue, continue to sue, or be part of any other lawsuit against Intuit about the legal issues in *this* case.  It also means that all of the Courts' orders will apply to you and legally bind you.  If you sign the Claim Form, you will agree to a "Release of Claims," at the end of the Claim Form, which describes exactly the legal claims that you give up if you get settlement benefits.

## RELEASE OF CLAIMS

If the settlement is approved, you will give up the right to sue Defendants and other Released Parties on your own (or to be a part of any other lawsuit against Defendants and other Released Parties) concerning the claims that this Settlement resolves.  The only way to keep this right is to exclude yourself from the Settlement (see *Excluding Yourself From the Settlement* below).

For complete details of the Release of Claims and Released Parties, please refer to the Settlement Agreement online at [INSERT WEBSITE].  You may also contact the Claims Administrator or Class Counsel directly (see below).

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue the Defendants over the legal issues in these lawsuits, then you <u>must</u> take steps to get out of this settlement.  This is called asking to be excluded from or "opting out" of the Class.

| 18. | How do I opt out? |
|-----|-------------------|

To exclude yourself from the settlement, you must send a letter by certified mail stating you "request to be excluded from the settlement in the *Create-A-Card, et al. v. Intuit* Litigation."  You must sign the letter and include your name, address, telephone number, email address and date of desktop data loss.  The letter must be sent to the following address; you <u>cannot</u> exclude yourself over the phone, by fax or by email:

[INSERT NAME]<br/>
Claims Administrator<br/>
[INSERT ADDRESS]

TO BE CONSIDERED TIMELY AND TO EFFECTIVELY OPT OUT OF THE SETTLEMENT, YOUR SIGNED OPT OUT LETTER MUST BE POSTMARKED BY **JANUARY 30, 2009**.  IF IT IS NOT POSTMARKED BY THAT DATE, YOUR RIGHT TO OPT OUT WILL BE DEEMED WAIVED AND YOU WILL BE BOUND BY ALL ORDERS AND JUDGMENTS ENTERED IN CONNECTION WITH THE SETTLEMENT.

| 19. | If I don't exclude myself, can I sue Defendants for the same thing later? |
|-----|--------------------------------------------------------------------------|

No.  Unless you exclude yourself, you give up the right to sue the Defendants for the claims that this settlement resolves.  You must exclude yourself from this Class to start or continue your own lawsuit on the released claims.

| 20. | If I exclude myself, can I get money from the settlement? |
|-----|----------------------------------------------------------|

No.  If you exclude yourself from the settlement, you will not get any benefits provided by this settlement.

EXECUTION COPY

## THE LAWYERS REPRESENTING YOU

**21.    Do I have a lawyer in the case?**

Yes.  However, if you want to be represented by your own lawyer you may hire one at your own expense.

The U.S. Court has appointed these lawyers to represent you and other Class Members (other than Canadian residents) as "Class Counsel" in the U.S. class action lawsuit.

James A. Quadra, Esq.
Rebecca Bedwell-Coll, Esq.
Robert D. Sanford, Esq.
MOSCONE, EMBLIDGE & QUADRA, LLP
220 Montgomery Street, Ste. 2100
San Francisco, California 94104

Michael W. Sobol, Esq.
Kristen E. Law, Esq.
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339

Jonathan D. Selbin, Esq.
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY  10017-2024

The Canadian Court has appointed these lawyers to represent Canadian Class Members as "Class Counsel" in the Canadian class action lawsuit:

Jonathan J. Foreman, Esq.
HARRISON PENSA LLP
Barristers & Solicitors
450 Talbot Street
London, ON N6A4K3
Telephone: (519) 661-6775
Facsimile: (519) 667-3362

**22.    How will my lawyers be paid?**

Class Counsel in the U.S. lawsuit and in the Canadian lawsuit will ask the respective Courts for attorneys' fees, cost and expenses.  Any payments awarded to Class Counsel by the Courts and paid by Defendants will not reduce the value of the benefits distributed to Class Members.  The Defendants will also separately pay the costs to administer the settlement.

## PLAINTIFFS

**23.    Will Plaintiffs be paid anything?**

Class Counsel and the Class Representatives will ask the Courts to award $5,000 to each of the Class Representatives (Create-A-Card, Inc., AGSJ, Inc. and Philanthropic Focus LLC in the U.S. lawsuit and Ronald Smith & Associates, Inc. in the Canadian lawsuit).  Any payments awarded by the Courts and paid by Defendants will not reduce the value of the benefits distributed to Class Members.

## IF YOU DO NOTHING

If you do nothing and do not submit a Claim Form, you will not be able to receive any settlement benefits, and you will lose your right to start or continue a lawsuit against Defendants about the claims that this settlement resolves.

## GETTING MORE INFORMATION

EXECUTION COPY

If you have further questions, please contact the Claims Administrator at [INSERT] or Class Counsel at [INSERT].

7

**EXHIBIT C**

## QUICKBOOKS® 2006 FOR MAC SETTLEMENT

<u>CLAIM FORM</u>

*Please legibly print all information.*

**Please read this entire Claim Form carefully.**

**To be eligible to receive any settlement payment, your original fully completed Claim Form (and all accompanying proof) must be postmarked no later than <u>March 11, 2009</u>.**

This Claim Form should be submitted only by registered users of QuickBooks® Pro 2006 for Mac or QuickBooks® New User Edition 2006 for Mac ("QuickBooks® 2006 for Mac") whose data or files became inaccessible or were damaged, corrupted, or lost, whether temporarily or permanently, as a result of a malfunction in the Software's auto-update mechanism. As currently known to the parties and their counsel, you may have experienced data deletion in one of two ways: (1) accessing the Software between 9:30 p.m. (PST) on December 15, 2007, and 10:00 a.m. (PST) on December 17, 2007; or (2) accessing the Software before 10:00 a.m. (PST) on January 3, 2008, at a publicly available wireless network that requires payment for use. If you believe you have suffered desktop data deletion in another manner as a result of a malfunction in the auto-update mechanism in the Software, you may still submit a claim explaining the circumstances of the desktop data deletion and the reason you believe the desktop data deletion was caused by the auto-update mechanism in the Software.

Only <u>one</u> Claim Form should be submitted per business entity.

Include all of your expenses even if Intuit has reimbursed you. Any reimbursement you received will be deducted from your claim.

---

## PART 1. CLAIMANT INFORMATION

Your name: _____

Company/business on whose behalf claim is being submitted:
_____

Address: _____

City: _____ State: _____ Zip Code: _____

Country: _____

Email: _____

Date and approximate time desktop data or files first became inaccessible or were damaged, corrupted, or lost: _____

Were you using a publicly available wireless network that requires payment for use at the time? Circle one: YES / NO

Brief description of desktop data or files that became inaccessible or were damaged, corrupted, or lost: _____

_____

_____

_____

1

EXECUTION COPY

**PART 2.  REIMBURSEABLE DATA RECOVERY EXPENSES**

*Check the categories that apply to you and please follow any accompanying instructions.*

*Note:  All expenses must have been incurred on or before April 15, 2008 (or on or before April 30, 2008 for Canadian claimants).*

☐    **A.    Data Recovery Software.**  I purchased data recovery software in an attempt to recover my Mac desktop data or files that became inaccessible or were damaged, corrupted, or lost, whether temporarily or permanently, as a result of a malfunction in my QuickBooks® 2006 for Mac software program's auto-update mechanism.  I will include a copy of my receipt and any other verifying documentation to the Claims Administrator for processing in order to receive a reimbursement of the full purchase price (plus any shipping, handling and tax).  I am also providing the following <u>required</u> information:

Name and manufacturer of data recovery software:

_____

Date of purchase:  _____ / _____ / _____

OR

Total purchase price on receipt: $ _____ USD

Total purchase price on receipt: $ _____ CAD

(If you purchased more than one data recovery software program, please indicate so below and provide the relevant documentation and information, attaching additional pages as needed.)

Name and manufacturer of data recovery software:

_____

Date of purchase:  _____ / _____ / _____

OR

Total purchase price on receipt: $ _____ USD

Total purchase price on receipt: $ _____ CAD

***IF YOU HAVE ALREADY RECEIVED REIMBURSEMENT FROM INTUIT FOR SOME OR ALL OF THE ABOVE EXPENSES, PLEASE INDICATE THIS IN PART 6 BELOW.***

☐    **B.    Data Recovery Hardware.**  I purchased data recovery hardware that was reasonably necessary in an attempt to recover my Mac desktop data or files that became inaccessible or were damaged, corrupted, or lost, whether temporarily or permanently, as a result of a malfunction in my QuickBooks® 2006 for Mac software program's auto-update mechanism.  I will include a copy of my receipt and/or any other verifying documentation to the Claims Administrator for processing in order to receive a reimbursement of the full purchase price (plus any shipping, handling and tax).  I am also providing the following <u>required</u> information:

Description of data recovery hardware (including manufacturer):

_____

Reason(s) needed: _____

_____

Date of purchase:  _____ / _____ / _____

OR

Purchase price on receipt: $ _____ USD

2

**EXECUTION COPY**

Purchase price on receipt: $ _____ CAD

(If you purchased more than one piece of data recovery hardware, please indicate so below and provide the relevant documentation and information, attaching additional pages as needed.)

     Description of data recovery hardware (including manufacturer):

     _____

     Reason(s) needed: _____

     _____

     Date of purchase: _____ / _____ / _____

**OR**     Purchase price on receipt: $ _____ USD

     Purchase price on receipt: $ _____ CAD

***IF YOU HAVE ALREADY RECEIVED REIMBURSEMENT FROM INTUIT FOR SOME OR ALL OF THE ABOVE EXPENSES, PLEASE INDICATE THIS IN PART 6 BELOW.***

☐    **C.**    <u>**Third Party Data Recovery Vendor Assistance.**</u>  I sought the assistance of a third party data recovery vendor (for example, Apple Genius Bar, DriveSavers) in an attempt to recover my Mac desktop data or files that became inaccessible or were damaged, corrupted, or lost, whether temporarily or permanently, as a result of a malfunction in my QuickBooks® 2006 for Mac software program's auto-update mechanism. I will include a copy of my receipt/invoice and any other verifying documentation to the Claims Administrator for processing in order to receive a reimbursement of the full cost. I am also providing the following <u>required</u> information:

     Name of data recovery vendor (include company name, address and contact person):

     _____

     _____

     _____

     Description of services rendered:

     _____

     _____

     Service date(s): _____

     Total costs on receipt/invoice: $ _____ USD

**OR**     Total costs on receipt/invoice: $ _____ CAD

(If you used more than one third party data recovery vendor, please indicate so below and provide the relevant documentation and information, attaching additional pages as needed.)

     Name of data recovery vendor (include company name, address and contact person):

     _____

     _____

3

EXECUTION COPY

_____

Description of services rendered:

_____

_____

Service date(s): ____ _____

OR    Total costs on receipt/invoice: $ _____ USD

Total costs on receipt/invoice: $ _____ CAD

*IF YOU HAVE ALREADY RECEIVED REIMBURSEMENT FROM INTUIT FOR SOME OR ALL OF THE ABOVE EXPENSES, PLEASE INDICATE THIS IN PART 6 BELOW.*

## PART 3.  REIMBURSABLE IN-HOUSE DATA RECOVERY AND RECONSTRUCTION EXPENSES

*Check the category if it applies to you and please follow any accompanying instructions.*

*Note:  All expenses must have been incurred on or before April 15, 2008 (or on or before April 30, 2008 for Canadian claimants).*

☐    **D.    In-House Data Recovery/Reconstruction.**  People working at my company spent time to try and recover or reconstruct my Mac desktop data or files that became inaccessible or were damaged, corrupted, or lost, whether temporarily or permanently, as a result of a malfunction in my QuickBooks® 2006 for Mac software program's auto-update mechanism.  I will include any verifying documentation in my possession to the Claims Administrator.  **I understand that these expenses are subject to an aggregate cap of 20 hours and an hourly rate cap of $75USD.**  I am also providing the following required information:

| Name/Title | Description of Work | Date(s) Worked | Hours Worked | Hourly Rate | Total $ (hrs. x rate) |
|---|---|---|---|---|---|
| | | | _____hrs. | $_____ | $_____ |
| | | | _____hrs. | $_____ | $_____ |
| | | | _____hrs. | $_____ | $_____ |
| Total | | | _____hrs. | | $_____ |

*IF YOU HAVE ALREADY RECEIVED REIMBURSEMENT FROM INTUIT FOR SOME OR ALL OF THE ABOVE EXPENSES, PLEASE INDICATE THIS IN PART 6 BELOW.*

## PART 4.  REIMBURSABLE THIRD PARTY DATA RECONSTRUCTION EXPENSES

*Check the category if it applies to you and please follow any accompanying instructions.*

*Note:  All expenses must have been incurred on or before April 15, 2008 (or on or before April 30, 2008 for Canadian claimants).*

☐    **E.    Third Party Data Reconstruction.**  I hired a third party to assist with the reconstruction of my Mac desktop data or files that were became inaccessible or were damaged, corrupted, or lost, whether temporarily or permanently, as a result

4

EXECUTION COPY

of a malfunction in my QuickBooks® 2006 for Mac software program's auto-update mechanism.  I will include an invoice and/or any other verifying documentation to the Claims Administrator for processing in order to receive a reimbursement for these costs.  **I understand that these expenses are subject to an aggregate cap of 20 hours and an hourly rate cap of $75USD.**  I am also providing the following <u>required</u> information:

| Third Party Name/Title | Description of Work | Date(s) Worked | Hours Worked | Hourly Rate | Total $ (hrs. x rate) |
|---|---|---|---|---|---|
| | . | | _____hrs. | $_____ | $_____ |

(If you used more than one third party, please indicate so below and provide the relevant documentation and information, attaching additional pages as needed.)

| Third Party Name/Title | Description of Work | Date(s) Worked | Hours Worked | Hourly Rate | Total $ (hrs. x rate) |
|---|---|---|---|---|---|
| | | | _____hrs. | $_____ | $_____ |

*IF YOU HAVE ALREADY RECEIVED REIMBURSEMENT FROM INTUIT FOR SOME OR ALL OF THE ABOVE EXPENSES, PLEASE INDICATE THIS IN PART 6 BELOW.*

---

## PART 5.  FREE UPGRADE TO QUICKBOOKS® PRO 2007 FOR MAC

*Check the category if it applies to you and please follow any accompanying instructions.*

☐    **F.**    **Free Upgrade to QuickBooks® Pro 2007 for Mac.**  If the Claims Administrator determines that I am entitled to receive a settlement payment, I also would like to receive a free upgrade to QuickBooks® Pro 2007 for Mac.

*IF YOU HAVE ALREADY RECEIVED A COPY OF QUICKBOOKS® PRO 2007 FOR MAC FROM INTUIT, PLEASE INDICATE THIS IN PART 6 BELOW.*

---

## PART 6.  COMPENSATION I HAVE ALREADY RECEIVED FROM INTUIT

*Check the categories that apply to you and please follow any accompanying instructions.*

☐    **Reimbursements Already Received**.  I have already received the following reimbursements from Intuit:

$_____

☐    **Upgrade Already Received**.  I have already received a free copy of QuickBooks® Pro 2007 for Mac from Intuit.

5

EXECUTION COPY

## PART 7.  ACKNOWLEDGMENTS AND CERTIFICATION UNDER PENALTY OF PERJURY

I acknowledge that all reimbursements submitted under Parts 3 and 4 may be pro-rated to a lesser amount, depending on the total number of Class Members who claim benefits.  I understand that I will be notified if the claimed amounts under Parts D and/or E are pro-rated and that I will then be provided a second opportunity to exclude myself from the Class.  I further understand that the Claims Administrator reserves the right to request documentation verifying the information I have submitted above and that the Claims Administrator may audit any and all claims.  I agree to reasonably cooperate with any such request and/or audit.

I understand that persons making false claims may be subject to civil or criminal penalties.  Fraudulent submission of multiple requests could result in federal prosecution under the U.S. Mail Fraud laws (18 U.S.C. §§ 1341, 1342).

By signing below I certify under penalty of perjury that the information I have provided on this Claim Form is true and correct to the best of my personal knowledge, and that this is the only Claim Form that I have submitted on behalf of this business entity/company.  I further certify under penalty of perjury that I am a registered user of *QuickBooks® Pro 2006 for Mac or QuickBooks® New User Edition 2006 for Mac* (the "Software") whose data or files became inaccessible or were damaged, corrupted, or lost, whether temporarily or permanently, as a result of a malfunction in the Software's auto-update mechanism.

I understand under penalty of perjury means that the information I have provided is the truth.  I understand it is a crime to submit a false Claim Form and sign the penalty of perjury statement.

I declare under the penalty of perjury that the information provided in the Claim Form by the undersigned is true and correct and that this Claim Form was executed on:

_____  _____, _____
        (month)                    (day)                     (year)


in  _____.
            (city/state/country)


_____
(Sign your name here)

_____
(Print your name here)


**Please mail your original signed Claim Form and all accompanying documentary proof to the following address no later than MARCH 11, 2009:**

**[CLAIMS ADMINISTRATOR ADDRESS]**


**PLEASE NOTE THAT ANY CLAIM FORM OR DOCUMENTATION SENT WILL NOT BE RETURNED TO YOU.  PLEASE MAKE A COPY OF ALL SUBMITTED MATERIALS AND RETAIN FOR YOUR RECORDS.**

**ACCURATE PROCESSING OF CLAIMS MAY TAKE A SIGNIFICANT AMOUNT OF TIME.  THANK YOU, IN ADVANCE, FOR YOUR PATIENCE.**

**QUESTIONS?  A COPY OF THE FULL CLASS NOTICE AND OTHER INFORMATION REGARDING THE SETTLEMENT IS AVAILABLE AT THE SETTLEMENT WEBSITE AT [INSERT WEBSITE].  YOU CAN ALSO CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT [INSERT NUMBER].**
**Release of Claims:**

EXECUTION COPY

All Class Members who do not exclude themselves are releasing all claims, whether presently known or unknown, that relate to the claims alleged against Defendants (Intuit Inc. and/or Intuit Canada Ltd.) in the class actions being settled, or otherwise relate to the malfunction in the Software's auto-update mechanism as alleged in the class actions being settled, and waiving all rights they may have under California Civil Code Section 1542 and any similar statutes.  Please refer to the Settlement Agreement for a more complete description of the released claims, available at [Claims Administrator website].  If the Court does not ultimately approve this settlement, this release will be nullified.

7

**EXHIBIT D**

**TO ALL REGISTERED USERS OF QUICKBOOKS® 2006 FOR MAC (*EXCEPT CANADIAN RESIDENTS WHO SHOULD READ BELOW*):**  If you are a registered user of *QuickBooks® Pro 2006 for Mac* or *QuickBooks® New User Edition 2006 for Mac* (the "Software") whose data or files became inaccessible or were damaged, corrupted, or lost, whether temporarily or permanently, as a result of a malfunction in the Software's auto-update mechanism you are a class member in *Create-A-Card, et al. v. Intuit Inc.*, Case No. CV-07-6452 WHA, a lawsuit pending the Northern District of California.  This Settlement Notice informs you of the Court's certification of a class for settlement purposes; the nature of the claims alleged; your right to participate in, or exclude yourself from, the class; a proposed settlement; and how you can claim a payment and Software upgrade under the settlement or object to the settlement.

The proposed settlement will resolve claims related to a malfunction in the Software's auto-update mechanism that caused certain users' data or files to become inaccessible or damaged, corrupted, or lost, whether temporarily or permanently.  The proposed settlement will provide a monetary recovery to eligible class members for reimbursement of their data recovery and reconstruction expenses.  The proposed settlement will also provide eligible class members a free upgrade to QuickBooks® Pro 2007 for Mac.

If you are a member of the class, your legal rights are affected by whether you act or do not act.  You should review the <u>Settlement Notice</u> as soon as possible as there are several important deadlines that you must meet to take certain actions in connection with this proposed settlement. In particular, the deadline for filing an objection or excluding yourself from the proposed settlement is **January 30, 2009**, and the Deadline to file a <u>Claim Form</u> is **March 11, 2009**.  For further information, please refer to the Settlement Notice.

**For a copy of the Settlement Notice or Claim Form click on the links, or visit the Claims Administrator website at:  <u>www.claimsadministratorwebsite.com</u>.**

---

**TO ALL REGISTERED USERS OF QUICKBOOKS® 2006 FOR MAC WHO ARE CANADIAN RESIDENTS**:  Please be advised that the Ontario Superior Court of Justice has finally approved, subject to final approval by the United States District Court for the Northern District of California, the worldwide QuickBooks® 2006 for Mac settlement.

If you are a member of the class, your legal rights are affected by whether you act or do not act.  You should review the <u>Settlement Notice for Canadian Residents</u> as soon as possible as there are several important deadlines that you must meet to take certain actions in connection with this settlement. In particular, the deadline for excluding yourself from the settlement is **[insert fixed date]**, and the deadline to file a <u>Claim Form</u> is **[insert fixed date]**.  For further information, please refer to the Settlement Notice.

**For a copy of the Settlement Notice or Claim Form click on the links, or visit the Claims Administrator website at:  <u>www.claimsadministratorwebsite.com</u>.**

1

**EXECUTION COPY**

**EXHIBIT E**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

If you are a registered user of
**QuickBooks® Pro 2006 for Mac** or **QuickBooks® New User Edition 2006 for Mac** and your
data or files became inaccessible or were damaged, corrupted, or lost, whether temporarily or
permanently, as a result of a malfunction in the Software's auto-update mechanism
you may be entitled to compensation pursuant to a class action settlement.

*This is a court-authorized Notice. This is not a solicitation from a lawyer.*

- A worldwide settlement has been reached in the class action lawsuits about whether a malfunction in the auto-update mechanism in the *QuickBook® Pro 2006 for Mac* or *QuickBooks® New User Edition 2006 for Mac* software (the "Software") caused users' data or files to become inaccessible or damaged, corrupted, or lost, whether temporarily or permanently. As currently known to the parties and their counsel, you may have experienced desktop data deletion one of two ways: (1) accessing the Software between 9:30 p.m. (PST) on December 15, 2007, and 10:00 a.m. (PST) on December 17, 2007; or (2) accessing the Software before 10:00 a.m. (PST) on January 3, 2008, at a publicly available wireless network that requires payment for use. If you believe you have suffered desktop data deletion in another manner as a result of a malfunction in the auto-update mechanism in the Software, you may still submit a claim explaining the circumstances of the desktop data deletion and the reason you believe the desktop data deletion was caused by the auto-update mechanism in the Software.

- Intuit alleges that when Intuit learned of the issue in December 2007, it created a dedicated support team to assist affected customers, diligently investigated and identified the source of the issue, and ensured disablement of the auto-update mechanism in the Software to prevent any recurrence. Intuit believes this settlement builds upon Intuit's goal to reimburse affected customers for their data recovery efforts, to provide affected customers a free upgrade to QuickBooks® Pro 2007 for Mac, and to compensate affected customers for their data reconstruction efforts. The criteria for qualifying for settlement benefits are described in greater detail in this Notice.

- The Courts in charge of these lawsuits still have to decide whether to finally approve the settlement. Settlement benefits will be provided if the Courts finally approve the settlement and after appeals, if any, are resolved. Please be patient.

- Your legal rights are affected whether you act or don't act. Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a claim form.** | The only way to get a reimbursement or upgrade. |
| **Exclude yourself.** | Get no payment. This is the only option that allows you to ever be part of another lawsuit against Intuit about the legal claims in this case. |
| **Object.** | Write to the Court and the parties' lawyers about why you don't like the settlement. |
| **Go to a hearing.** | Ask to speak in Court about the fairness of the settlement. |
| **Do nothing.** | Get no payment. Give up rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

EXECUTION COPY

## WHAT THIS NOTICE CONTAINS

1.   **BASIC INFORMATION** ............................................................1Why did I get a notice?
2.   What are these lawsuits about?
3.   Why are these lawsuits class actions?
4.   Why is there a settlement?

**WHO IS INCLUDED IN THE SETTLEMENT?** ...........................................................2
5.   How do I know if I am part of the settlement?
6.   Which QuickBooks® products are included?
7.   If I experienced desktop data deletion but recovered some or all of my files, am I still included?
8.   If Intuit already reimbursed me or sent me a free upgrade, am I still included?
9.   What if I have lost Mac desktop data, but not before January 3, 2008?
10.  I'm still not sure if I am included.

**THE SETTLEMENT BENEFITS – WHAT YOU MAY GET**...............................................3
11.  What does the settlement provide?
12.  Are there limits on the amount I can get?

**HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM** .......................................4
13.  How can I get a payment or free upgrade?
14.  What if I already received payment or a free upgrade from Intuit?
15.  What if my claim for reimbursement is disputed?
16.  When would I get my payment or free upgrade?
17.  What am I giving up to get a payment or stay in the Class?

**RELEASE OF CLAIMS** ...................................................................................5

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ................................................5
18.  How do I opt out?
19.  If I don't exclude myself, can I sue Defendants for the same thing later?
20.  If I exclude myself, can I get money from the settlement?

**THE LAWYERS REPRESENTING YOU** ...............................................................6
21.  Do I have a lawyer in the case?
22.  How will my lawyers be paid?

**PLAINTIFFS** ..............................................................................................6
23.  Will Plaintiffs be paid anything?

**OBJECTING TO THE SETTLEMENT**....................................................................7
24.  How do I object?
25.  What's the difference between objecting and excluding myself?

**THE FAIRNESS HEARING** ...............................................................................7
26.  When and where will the U.S. Court decide whether to approve the settlement?
27.  Do I have to come to the hearing?
28.  May I speak at the hearing?

**IF YOU DO NOTHING** ...................................................................................8

**GETTING MORE INFORMATION**........................................................................8

EXECUTION COPY

**BASIC INFORMATION**

The company that sold **QuickBooks® Pro 2006 for Mac** or **QuickBooks® New User Edition 2006 for Mac** was sued in a U.S. class action lawsuit and a Canadian class action lawsuit. The people who sued are called the "Plaintiffs," and the companies they sued (Intuit Inc. in the U.S. lawsuit and Intuit Inc. and its subsidiary Intuit Canada Ltd. in the Canadian lawsuit) are called the "Defendants."

Judge William H. Alsup of the United States District Court for the Northern District of California is overseeing the U.S. lawsuit, named *Create-A-Card, Inc., AGSJ, Inc. and Philanthropic Focus LLC. v. Intuit Inc.*, CV-07-6452 WHA. Judge [INSERT] of the Ontario Superior Court of Justice in Toronto, Canada is overseeing the Canadian lawsuit, named *Ronald Smith Associates, Inc. v. Intuit Inc. and Intuit Canada*, 08-348111 CP.

| 1.    Why did I get a notice? |
|---|

You received notice because you are a registered user of QuickBooks® Pro 2006 for Mac or QuickBooks® New User Edition 2006 for Mac. Notice has been provided to you because you have a right to know about the proposed settlement of these two class action lawsuits before the Courts decide whether to approve the settlement. This Notice explains the lawsuits, the settlement and your legal rights.

| 2.    What are these lawsuits about? |
|---|

The lawsuits concern an alleged malfunction with the Software's auto-update mechanism that may have caused certain users' data or files to become inaccessible or damaged, corrupted, or lost, whether temporarily or permanently. As currently known to the parties and their counsel, you may have experienced desktop data deletion one of two ways: (1) accessing the Software between 9:30 p.m. (PST) on December 15, 2007, and 10:00 a.m. (PST) on December 17, 2007; or (2) accessing the Software before 10:00 a.m. (PST) on January 3, 2008, at a publicly available wireless network that requires payment for use. The lawsuits claim Defendants should have known of the malfunction or otherwise should be held legally responsible for any data damage or loss experienced by affected customers. If you believe you have suffered desktop data deletion in another manner, you may still submit a claim as described below.

Defendants deny any wrongdoing or liability in the lawsuits as they claim they have already compensated registered users for their data recovery expenses, believe the malfunction cannot recur as they have ensured disablement of the Software's auto-update mechanism, notified their registered users of the issue, and instituted internal safeguards. By agreeing to the proposed settlement described in this Notice, Defendants are not admitting the merits of the claims in the lawsuits and continue to deny any wrongdoing.

| 3.    Why are these lawsuits class actions? |
|---|

In a class action, one or more people called "Class Representatives" (Create-A-Card, Inc., AGSJ, Inc., and Philanthropic Focus LLC in the U.S. lawsuit, and Ronald Smith Associates, Inc. in the Canadian lawsuit) sue on behalf of people who have similar claims. All of these people are a "Class" or "Class Members." A court must determine if a lawsuit or a settlement should proceed as a class action. If it does proceed as a class action, there may be a trial. A trial then decides the outcome of the lawsuit for everyone in the Class. Sometimes, the parties may settle without a trial.

Generally, one court resolves the issues for all Class Members except for those who exclude themselves from the Class. In this case, there is one U.S. court overseeing the lawsuit for all Class Members except those in Canada, and one Canadian court overseeing the lawsuit for all Class Members in Canada.

1

**EXECUTION COPY**

| 4. | Why is there a settlement? |
|---|---|

A settlement is not an admission of any wrongdoing by the Defendants.  No court or jury made any decision in favor of any party.  Instead, both sides mutually agreed to settle the claims. By settling, they both avoid the risks, delays, and costs of ongoing litigation and a trial, and the class members are eligible to receive settlement benefits.  The Plaintiffs and their attorneys recommend this settlement because they believe this settlement is the best option for everyone in the Class.

## WHO IS INCLUDED IN THE SETTLEMENT?

To see if you are affected or if you can get benefits from the settlement, you first have to determine whether you are a Class Member.

| 5. | How do I know if I am part of the settlement? |
|---|---|

The Courts decided that everyone who fits the following description is a Class Member:  All registered users of QuickBooks® Pro 2006 for Mac or QuickBooks® New User Edition 2006 for Mac whose data or files became inaccessible or were damaged, corrupted, or lost, whether temporarily or permanently, as a result of a malfunction of the Software's auto-update mechanism.

| 6. | Which QuickBooks® products are included? |
|---|---|

Only QuickBooks® Pro 2006 for Mac and QuickBooks® New User Edition 2006 for Mac are included.  No other QuickBooks® products are included.

| 7. | If I experienced desktop data deletion but recovered some or all of my files, am I still included? |
|---|---|

Yes, if you were able to recover some or all of your desktop data, you are still a Class Member.  Whether or not you are entitled to receive benefits from the settlement, will depend on whether you incurred any reimbursable expenses as described below in Question 11.

| 8. | If Intuit already reimbursed me or sent me a free upgrade, am I still included? |
|---|---|

Yes, you are still a Class Member even if Intuit has already reimbursed you for some or all of your expenses, or sent you a free upgrade.  You are entitled to the same benefits as any other Class Member, but Intuit will be credited with any benefits it has already provided to you.

| 9. | What if I have lost Mac desktop data, but not before January 3, 2008? |
|---|---|

You are a Class Member only if your data or files became inaccessible or were damaged, corrupted, or lost, whether temporarily or permanently, as a result of a malfunction in the Software's auto-update mechanism.  As currently known to the parties and their counsel, you may have experienced desktop data deletion in one of two ways:  you (1) accessed the Software between 9:30 p.m. (PST) on December 15, 2007, and 10:00 a.m. (PST) on December 17, 2007; or (2) accessed the Software before 10:00 a.m. (PST) on January 3, 2008, at a publicly available wireless network that requires payment for use.  If you believe you have suffered desktop data deletion in another manner as a result of a malfunction in the auto-update mechanism in the Software, you may still submit a claim explaining the circumstances of the desktop data deletion and the reason you believe the desktop data deletion was caused by the auto-update mechanism in the Software.

2

**EXECUTION COPY**

| 10. | I'm still not sure if I am included. |

If you are still not sure whether you are included in the Class, you may call [INSERT NUMBER] with questions.

## THE SETTLEMENT BENEFITS – WHAT YOU MAY GET

| 11. | What does the settlement provide? |

The proposed settlement provides the following benefits:

| | |
|---|---|
| 1. Full reimbursement for certain data <u>recovery</u> expenses.<br><br>*Expenses must have been incurred on or before April 15, 2008 (or April 30, 2008 for Canadian Class Members).* | ▪ Costs of data recovery software (including any shipping, handling and tax);<br><br>▪ Third party data recovery expenses (such as for services of Apple Genius bars, DriveSavers or other third party data recovery vendors); and/or<br><br>▪ Hardware reasonably necessary for data recovery efforts (such as hard drives purchase for use with data recovery software) including any shipping, handling and tax. |
| 2. Reimbursement for data <u>reconstruction</u> and <u>other data recovery efforts</u>.<br><br>*Expenses must have been incurred on or before April 15, 2008 (or April 30, 2008 for Canadian Class Members).* | ▪ Third party data reconstruction expenses (such as data re-entry) capped at 20 hours at $75 USD/hour per Class Member; and/or<br><br>▪ In-house data reconstruction and data recovery expenses (such as reimbursement for time Class Members' employees spent recovering and reconstructing lost data) capped at 20 hours at $75 USD/hour per Class Member.<br><br>Note: Under the proposed settlement, these claims are subject to an aggregate cap of $500,000 USD. If the claims received exceed $500,000 Intuit can do one of two things:<br><br>*Option 1.* Pay all claims. (For example: If there are $600,000 in claims, Intuit can pay $100,000 in addition to the $500,000 it has already committed.)<br><br>*Option 2.* Request a *pro rata* reduction. (For example: If there are $1,000,000 in claims and your claim is $2,000, you will be notified of a pro rata reduction to $1,000. You will then get another chance to exclude yourself from the Class.) |
| 3. <u>Free upgrade to QuickBooks® Pro 2007 for Mac</u> (retailing at approximately $199.95 USD) to any Class Member with an approved claim. | N/A |

3

EXECUTION COPY

| 12. | Are there limits on the amount I can get? |
|---|---|

There is no limit on the total reimbursements for certain types of data recovery expenses, but there is a cap on the amount of reimbursements you can get for data reconstruction expenses and in-house data recovery expenses (see answer to Question 11 above).

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 13. | How can I get a payment or free upgrade? |
|---|---|

You must submit a Claim Form. A Claim Form is included with this Notice. You may also download a Claim Form at [WEBSITE]. Read the instructions carefully, fill out the Claim Form completely, and return the completed Claim Form by March 11, 2009. **IF YOU DO NOT SUBMIT YOUR SIGNED CLAIM FORM BY THIS DEADLINE YOU WILL BE DEEMED TO HAVE WAIVED YOUR RIGHT TO RECEIVE ANY PAYMENT FROM THIS SETTLEMENT.**

A Claims Administrator, unrelated to any party in these lawsuits, will administer the settlement and review all Claim Forms and accompanying documented expenses. Include with your Claim Form as much documentation as possible regarding your reimbursable expenses. Your information will be treated as confidential and will not be shared with anyone except the Claims Administrator and the parties to the lawsuits. By signing your Claim Form, you will also be authorizing the Claims Administrator to contact you for more information to help evaluate your claim, if needed. The Claims Administrator will make the initial determination of whether your Claim Form is, valid, verified and complete, and, if necessary, will make the final determination regarding any disputed claims (see Question 15 below).

*All reimbursements for data reconstruction expenses and in-house data recovery expenses may be pro-rated to a lesser amount, depending on the total number of people who claim benefits (see answer to Question 11 above). You will be notified if your claimed amount is pro-rated and be provided a second opportunity to exclude yourself from the Class.*

| 14. | What if I already received payment or a free upgrade from Intuit? |
|---|---|

Intuit will be credited with any benefits it has already provided you. Therefore, if you have already received a reimbursement payment and/or a free upgrade from Intuit, have no further reimbursable expenses, and do not intend to pursue any further action against Intuit, you do not need to do anything. However, if you have additional expenses reimbursable under the settlement or have not received a free upgrade from Intuit, you should either submit a fully completed Claim Form or opt out of the settlement so you can pursue your own lawsuit against Intuit. There is a place on the Claim Form to report any benefits you have already received from Intuit.

| 15. | What if my claim for reimbursement is disputed? |
|---|---|

There is a dispute resolution process in the settlement with regard to any claims that Defendants object to (due to, for example, improper classification or documentation). If the parties are unable to resolve the disputed claim, then the Claims Administrator will make a final determination whether to accept or deny the claim. For more information see sections 10.8 and 10.12 of the Settlement Agreement available at [INSERT WEBSITE].

| 16. | When would I get my payment or free upgrade? |
|---|---|

You will receive your payment check and/or free upgrade within 4 to 8 weeks of the settlement being approved by both Courts and the judgments entered in both lawsuits become final, which is projected to take place next summer.

EXECUTION COPY

| 17. | What am I giving up to get a payment or stay in the Class? |
|---|---|

Unless you exclude yourself by [INSERT DATE], you are staying in the Class, and that means you can't sue, continue to sue, or be part of any other lawsuit against Intuit about the legal issues in *this* case. It also means that all of the Courts' orders will apply to you and legally bind you.

## RELEASE OF CLAIMS

If the settlement is approved, you will give up the right to sue Defendants and other Released Parties on your own (or to be a part of any other lawsuit against Defendants and other Released Parties) concerning the claims that this Settlement resolves. The only way to keep this right is to exclude yourself from the Settlement (see *Excluding Yourself From the Settlement* below).

For complete details of the Release of Claims and Released Parties, please refer to the Settlement Agreement online at [INSERT WEBSITE]. You may also contact the Claims Administrator or Class Counsel directly (see below).

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue the Defendants over the legal issues in these lawsuits, then you <u>must</u> take steps to get out of this settlement. This is called asking to be excluded from or "opting out" of the Class.

| 18. | How do I opt out? |
|---|---|

To exclude yourself from the settlement, you must send a letter by certified mail stating that you "request to be excluded from the settlement in the *Create-A-Card, et al. v. Intuit* Litigation." You must sign the letter and include your name, address, telephone number, email address and date of desktop data loss. The letter must be sent to the following address; you <u>cannot</u> exclude yourself over the phone, by fax or by email:

[INSERT NAME]
Claims Administrator
[INSERT ADDRESS]

TO BE CONSIDERED TIMELY AND TO EFFECTIVELY OPT OUT OF THE SETTLEMENT, YOUR SIGNED OPT OUT LETTER MUST BE POSTMARKED BY **JANUARY 30, 2009**. IF IT IS NOT POSTMARKED BY THAT DATE, YOUR RIGHT TO OPT OUT WILL BE DEEMED WAIVED AND YOU WILL BE BOUND BY ALL ORDERS AND JUDGMENTS ENTERED IN CONNECTION WITH THE SETTLEMENT.

| 19. | If I don't exclude myself, can I sue Defendants for the same thing later? |
|---|---|

No. Unless you exclude yourself, you give up the right to sue the Defendants for the claims that this settlement resolves. You must exclude yourself from this Class to start or continue your own lawsuit on the released claims.

| 20. | If I exclude myself, can I get money from the settlement? |
|---|---|

No. If you exclude yourself from the settlement, you will not get any benefits provided by this settlement.

EXECUTION COPY

## THE LAWYERS REPRESENTING YOU

**21.    Do I have a lawyer in the case?**

Yes.  However, if you want to be represented by your own lawyer you may hire one at your own expense.

The U.S. Court has appointed these lawyers to represent you and other Class Members (other than Canadian residents) as "Class Counsel" in the U.S. class action lawsuit.

<table>
<tr><td>

James A. Quadra, Esq.
Rebecca Bedwell-Coll, Esq.
Robert D. Sanford, Esq.
MOSCONE, EMBLIDGE & QUADRA, LLP
220 Montgomery Street, Ste. 2100
San Francisco, California 94104
Telephone: (415) 362-3599
Facsimile: (415) 362-2006

</td><td>

Michael W. Sobol, Esq.
Kristen E. Law, Esq.
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Jonathan D. Selbin, Esq.
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY  10017-2024
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

</td></tr>
</table>

The Canadian Court has appointed these lawyers to represent Canadian Class Members as "Class Counsel" in the Canadian class action lawsuit:

David B. Williams, Esq.
Jonathan J. Foreman, Esq.
HARRISON PENSA LLP
Barristers & Solicitors
450 Talbot Street
London, ON N6A4K3
Telephone: (519) 661-6775
Facsimile: (519) 667-3362

**22.    How will my lawyers be paid?**

Class Counsel in the U.S. lawsuit and in the Canadian lawsuit will ask the respective Courts for attorneys' fees, cost and expenses in an amount not to exceed $800,000 USD.  Any payments awarded to Class Counsel by the Courts and paid by Defendants will not reduce the value of the benefits distributed to Class Members.  The Defendants will also separately pay the costs to administer the settlement.

## PLAINTIFFS

**23.    Will Plaintiffs be paid anything?**

Class Counsel and the Class Representatives will ask the Courts to award $5,000 to each of the Class Representatives (Create-A-Card, Inc., AGSJ, Inc. and Philanthropic Focus LLC in the U.S. lawsuit and Ronald Smith & Associates, Inc. in the Canadian lawsuit).  Any payments awarded by the Courts and paid by Defendants will not reduce the value of the benefits distributed to Class Members.

EXECUTION COPY

## OBJECTING TO THE SETTLEMENT

You can tell the Courts if you don't agree with the settlement or some part of it.

| 24. | How do I object? |
|-----|------------------|

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Courts should not approve it.

To object, send a letter saying that you object to the *Create-A-Card, et al. v. Intuit* litigation Settlement. Be sure to include: (1) your name, address, telephone number and email address; (2) date of desktop data loss; (3) reasons why you object to the settlement; (4) your signature; and (5) the case name and number: *Create-A-Card, et al. v. Intuit Inc.*; Case No. CV-07-6452 WHA. Please provide any copies of any other documents that you wish to submit in support of your objection. Mail your objection to these three different places postmarked no later than **February 10, 2009**.

| **COURT** | **CLASS COUNSEL** | **DEFENSE COUNSEL** |
|-----------|-------------------|---------------------|
| Clerk of the Court | James A. Quadra, Esq. | Rodger R. Cole, Esq. |
| United States District Court for | MOSCONE, EMBLIDGE & | FENWICK & WEST LLP |
| the Northern District of California | QUADRA, LLP | 801 California St. |
| 450 Golden Gate Ave. | 220 Montgomery Street, Ste. 2100 | Mountain View, CA 94041 |
| San Francisco, CA 94102 | San Francisco, California 94104 | |

| 25. | What's the difference between objecting and excluding myself? |
|-----|--------------------------------------------------------------|

Objecting is simply telling the Courts that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Courts that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the settlement no longer affects you.

## THE FAIRNESS HEARING

| 26. | When and where will the U.S. Court decide whether to approve the settlement? |
|-----|-----------------------------------------------------------------------------|

The U.S. Court will hold a Fairness Hearing at **8:00 a.m.** on **February 26, 2009**, in the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, California. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are timely objections, the Court will consider them. The Court will listen only to people who have asked to speak at the hearing (see Question 28 below). The Court will also decide how much to pay the Class Representatives and Class Counsel representing the Class Members in the U.S. lawsuit. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

Note: The Fairness Hearing may be postponed to a different date without additional notice. Updated information, if any, will be posted on the settlement website: [INSERT WEBSITE]

**Please do not contact the Court or the Judge about this case.**

| 27. | Do I have to come to the hearing? |
|-----|-----------------------------------|

Attendance is not required, even if you properly mailed a written objection. If you, or your personal attorney, still want to attend the Fairness Hearing, you are welcome to attend at your expense. However, it is not necessary that either of you attend. As long as your objection or comment was postmarked before the deadline, the Court will consider it.

7

**28.    May I speak at the hearing?**

If you file an objection (see Question 24 above) you (or your attorney) may also ask the Court for permission to speak at the Fairness Hearing.  To do so, you must include with your objection a statement saying that it is your "Notice of Intent to Appear in *Create-A-Card, et al. v. Intuit Inc.* (Case No. CV-07-6452 WHA)."  It must also include your name, address, telephone number and signature.  Your Notice of Intent to Appear must be postmarked no later than **February 10, 2009**, and be sent to the same addresses listed in Question 24 above.  If you intend to have any witnesses testify or to introduce any evidence at the hearing, you must list the witnesses and evidence in your objection.

You cannot speak at the hearing if you excluded yourself from the Class.

### IF YOU DO NOTHING

If you do nothing and do not submit a Claim Form, you will not be able to receive any settlement benefits, and you will lose your right to start or continue a lawsuit against Defendants about the claims that this settlement resolves.

### GETTING MORE INFORMATION

If you have further questions, please contact the Claims Administrator at [INSERT] or Class Counsel at [INSERT].

EXECUTION COPY

**EXHIBIT F**

EXHIBIT F
(Implementation Schedule)

| Approximate Date | Number of Days | Action |
|---|---|---|
| **8/22/08** | 0 | Plaintiffs in the U.S. Action file motion for preliminary approval and approval of Class Notice, Full U.S. Notice, Claim Form and Second Exclusion Notice.  Plaintiffs in Canadian Action file materials for case management meeting and approval of Canadian Notice and Claim Form. |
| 8/25/08 | 3 | Case management meeting in Canadian Action to discuss the case and the proposed settlement and to approve the form of the Canadian Notice of the settlement hearing and Claim Form.  Would also set date for Canadian hearing approximately 64 days out. |
| 9/8/08 | 17 | Canadian Action order issued approving Canadian Notice and Claim Form. |
| **9/11/08** | 20 | Hearing on motion for preliminary approval in U.S. Action. (Parties will seek a stay of U.S. Action.) |
| 9/11/08 | 20 | Order preliminarily approving Settlement Agreement in U.S. Action. |
| 9/15/08 | 24 | Canadian Notice emailed to all registered Canadian users with 50 day notice of settlement approval period.  Notice in both English and French.  Sent 4 days after order preliminarily approving Settlement Agreement in U.S. Action. |
| 11/4/08 | 74 | Final settlement approval hearing in Canadian Action to consider class settlement certification, fairness of the settlement terms and procedure, approval of Class Notice Canadian Approval Notice and Second Exclusion Notice, hearing any objections from the Class Members or the public, and Canadian class counsel fee (50 days after Canadian Notice Date). |
| 11/14/08 | 84 | Canadian Action order issued approving Class Notice, Canadian Approval Notice and Second Exclusion Notice. |

1

EXECUTION COPY

| Approximate Date | Number of Days | Action |
|---|---|---|
| 12/1/08 | 101 | Class Notice emailed to entire registered QB 2006 for Mac user base (with links to Full U.S. Notice, Canadian Approval Notice and Claim Form) (81 days after preliminary approval in U.S. Action). |
| 1/31/09 (Saturday) | 161 | Opt out period ends (60 days after Class Notice Date). |
| 2/5/09 | 166 | Motion for attorneys' fees/incentive pay and final approval filed in U.S. Action. (21 days before Fairness Hearing). |
| 2/12/09 | 173 | Written objections to settlement to be filed in U.S. Action (72 days after notice; 14 days before Fairness Hearing). |
| 2/19/09 | 180 | Parties in U.S. Action submit written responses to objections to settlement (7 days before Fairness Hearing). |
| 2/26/09 | 187 | Fairness Hearing in U.S. Action (86 days after Class Notice Date). |
| 3/02/09 | 191 | Claims Period ends (90 days after Class Notice Date). |
| 4/1/09 | 221 | Period to cure technical deficiencies of Claim Forms ends (30 days after Claims Period ends). |
| 4/8/09 | 228 | ICA provides to the Parties Initial Report of Claims, including the total amount of Soft Cap Expenses claimed and documentation received from Class Members. |
| 4/15/09 | 235 | Intuit will advise ICA and Class Counsel of any objections to any claims. |
| 4/22/09 | 242 | If the Parties have been unable to resolve disputes regarding Intuit's objections by meeting and conferring, Parties will submit brief written statements to ICA for final determination of disputes. |
| 4/29/09 | 249 | ICA shall make a binding final ruling on all disputed claims and shall issue Final Report of Settlement Claims reflecting the total amount of all claims, and specifically the total amount of Soft Cap Expenses. |

2

EXECUTION COPY

| Approximate Date | Number of Days | Action |
|---|---|---|
| 5/20/09 | 270 | If Soft Cap Expenses exceed $500k soft cap, Intuit will advise the claims administrator and plaintiffs' counsel of its decision whether to increase the amount of soft cap to equal the amount of all claims or to offer pro-rata payments (15 business days after claims administrator's report). |
| 5/20/09 | 270 | If Soft Cap Expenses are within soft cap or Intuit decides to increase the amount of soft cap to equal claims in excess of soft cap, claims administrator shall pay claims. In addition, Intuit will deliver to claimants a copy of QuickBooks® Pro 2007 for Mac. |
| 5/20/09 | 270 | If Intuit does not terminate the settlement (if 100 or more people opt out of the settlement), claims administrator/Intuit pays incentive payments and attorneys' fees/costs. |
| 5/27/09 | 277 | If Intuit decides to exercise the option for a pro-rata reduction of Soft Cap Expenses, Second Exclusion Notice emailed to users who submitted Soft Cap Expenses. |
| 6/26/09 | 307 | Deadline to opt-out after Second Exclusion Notice and pursue an individual claim (30 days after Second Exclusion Notice). |
| 7/1/09 | 312 | ICA pays claims. In addition, Intuit delivers to claimants a copy of QuickBooks® Pro 2007 for Mac. |

16319/40031/LIT/1290501.2

3

**EXECUTION COPY**

**EXHIBIT G**

James A. Quadra (SBN 131084)
Rebecca Bedwell-Coll (SBN 184468)
MOSCONE, EMBLIDGE & QUADRA, LLP
Mills Tower
220 Montgomery Street, Ste. 2100
San Francisco, California 94104
Telephone: (415) 362-3599
Facsimile: (415) 362-2006
Email: quadra@meqlaw.com

Michael W. Sobol (SBN 194857)
Kristen E. Law (SBN 222249)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: msobol@lchb.com

Jonathan D. Selbin (SBN 170222)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
Email: jselbin@lchb.com

*Attorneys for Plaintiffs and proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| CREATE-A-CARD, INC.; AGSJ, INC.; and PHILANTHROPIC FOCUS, LLC, on behalf of themselves and all those similarly situated,<br><br>         Plaintiffs,<br><br>v.<br><br>INTUIT INC.,<br><br>         Defendant. | Case No. CV-07-6452 WHA<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER (1) GRANTING PRELIMINARY APPROVAL TO THE PROPOSED SETTLEMENT; (2) PROVISIONALLY CERTIFYING THE PROPOSED SETTLEMENT CLASS; (3) APPROVING THE PROPOSED NOTICE PLAN AND FORMS OF NOTICE; AND (4) SCHEDULING THE FINAL FAIRNESS HEARING** |

1    The parties have submitted for this Court's review a proposed Class Action

2    Settlement Agreement resolving all claims in this action against Defendant Intuit Inc. ("Intuit").

3    Having conducted a hearing regarding the reasonableness of proceeding with the proposed

4    Settlement and having reviewed the Settlement Agreement, Plaintiffs' Motion for an Order

5    Granting Preliminary Approval to the Proposed Class Action Settlement, and the files and records

6    of this case, the Court now FINDS, CONCLUDES, and ORDERS as follows:

7    **I.    <u>CERTIFICATION OF SETTLEMENT CLASS</u>**

8    Solely for the purpose of effectuating the proposed Settlement, Plaintiffs have

9    proposed conditional certification of the following Settlement Class under Federal Rule of Civil

10    Procedure 23 (the "Class"):

11    
12    > The "Settlement Class" includes all registered users of QuickBooks
> Pro 2006 for Mac or Quickbooks New User Edition 2006 for Mac
> whose data or files became inaccessible or were damaged,
13    > corrupted, or lost, whether temporarily or permanently, as a result
> of a malfunction of the Software's auto-update mechanism (the
> "Malfunction") who do not timely opt out of this settlement.
14    

15    Notwithstanding the foregoing, the following Persons shall be excluded from the Class:  (1)

16    Defendant and its subsidiaries and affiliates; (2) all Persons who make a timely election to be

17    excluded from the proposed Class; (3) governmental entities; and (4) the judge(s) to whom this

18    case is assigned and any immediate family members thereof.  In addition, notwithstanding the

19    foregoing, all claims for personal injury and wrongful death are excluded from the Class.

20    Plaintiffs Create-A-Card, Inc., AGSJ, Inc., and Philanthropic Focus, LLC (collectively,

21    "Plaintiffs") brought this Rule 23 Class Action on behalf themselves and a worldwide class of

22    registered owners of Intuit's QuickBooks Pro 2006 for Mac or QuickBooks New User Edition

23    2006 for Mac (the "Software"), whose files or data became inaccessible or were damaged,

24    corrupted, or lost, whether temporarily or permanently, as a result of opening the Software and

25    receiving an allegedly defective update from Intuit.  Plaintiffs filed this action on behalf of

26    themselves and all others similarly situated on December 21, 2007, alleging claims for

27    negligence, strict products liability, trespass to chattels, breach of implied warranty and violations

28    of California Business & Professions Code Section 17200, et seq., and later amended their

- 1 -

1   Complaint and added a claim for breach of contract.  Specifically, Plaintiffs allege that

2   QuickBooks Pro 2006 for Macintosh and QuickBooks New User Edition 2006 for Macintosh

3   (collectively, the "Software") has a built in "automatic update" mechanism that is activated when

4   the program is launched.  Plaintiffs allege that the Software contained a defect that was triggered

5   when it searched for updates to download but did not receive the anticipated response.  When this

6   happened, the defective program allegedly deleted all files on the user's desktop.

7          Plaintiffs allege that as a result of a malfunctioning of the Software's automatic update

8   mechanism ("Malfunction") caused by, among other reasons, this alleged defect in the Software's

9   automatic update mechanism code (the "Software Bug"), the data or files residing on their

10  Macintosh desktops became inaccessible or were damaged, corrupted, or lost, either temporarily

11  or permanently, and as a result, they suffered damages.  Plaintiffs allege that users of the Software

12  lost customer lists, chapters of books they were writing, photo shoots they had been paid to

13  complete, logos they had designed, months of billing and other valuable work product.

14         Intuit contends it is not liable for the claims asserted in the Actions, that it has valid

15  defenses to those claims, and that Plaintiffs have not suffered any recoverable damages.

16  Notwithstanding their denial of liability, Intuit has taken certain corrective steps, as outlined in

17  the Settlement Agreement, to assist some customers who lost data as a result of the Software

18  Malfunction.  The Settlement Agreement expands the benefits Intuit has offered voluntarily and

19  provides for comprehensive notice of the available relief to all Class members.

20         The Court hereby FINDS and CONCLUDES that the proposed nationwide Class

21  satisfies all of the requirements for certification under Rule 23(a) and Rule 23(b)(3).  Provisional

22  certification of a nationwide class is appropriate in part because Defendants do not object to class

23  certification in the context of this Settlement.  The Court takes guidance in its consideration of

24  certification issues from *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).

25         **Numerosity:** This Court finds that a class of nationwide consumers is sufficiently

26  numerous to satisfy the numerosity requirement.  The parties estimate that approximately 1,035 of

27  registered users of the Software were damaged as a result of the Malfunction.  Only registered

28  users who suffered damage as a result of the Malfunction are Class Members.  Thus, it is

-2-

1   estimated that the Class comprises approximately 1,035 consumers.  Given the number of

2   potentially affected individuals, the Class is sufficiently numerous that joinder is impracticable.

3            **Common Questions of Law and Fact:**  The test for common questions of law

4   and fact is "qualitative rather than quantitative—one significant issue common to the class may

5   be sufficient to warrant certification."  *See Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1177

6   (9th Cir. 2007)).  "[P]laintiffs may demonstrate commonality by showing that class members

7   have shared legal issues by divergent facts or that they share a common core of facts but base

8   their claims for relief on different legal theories."  *Id.*  The members of the Class share common

9   issues of fact and law include, but are not limited to, the following: (1) whether Intuit took proper

10  steps to avoid  data losses for its customers; (2) whether Intuit trespassed by allegedly creating

11  and allowing its code to enter users' computers and destroy data and files; (3) whether Intuit

12  breached warranties of merchantability and fitness for a particular purpose; (4) whether Intuit's

13  alleged failure to warn its users to avoid opening QuickBooks or Intuit's failure to shut down its

14  server before losses constituted an unfair business practice; (5) whether Intuit's alleged creation

15  of a code that destroyed data on users' desktops, its allegedly allowing such code to intrude into

16  users' computers without the consent of the users, its alleged failure to warn its users to avoid

17  opening QuickBooks or its alleged failure to shut down its server before losses, constituted

18  negligence; (6) whether Intuit is liable under a theory of products liability for its creation of a

19  code that allegedly destroyed data on users' desktops, its alleged failure to warn its users to avoid

20  opening QuickBooks or its alleged failure to shut down its server before losses.  In light of the

21  foregoing, the commonality requirement is satisfied.

22           **Typicality:**     Representative claims are typical of the class claims if they are

23  "reasonably coextensive with those of the absent class members."  *Dukes*, 509 F.3d at 1184

24  (citing *Hanlon*, 150 F.3d 1011, 1020).  The named Plaintiffs' have asserted claims which are

25  typical of the other class members' claims in that they allege that Intuit's Quickbooks software

26  was defective and allowed a faulty signal and/or defective software to enter the Class Members'

27  computers without permission and interfere with Plaintiffs' possessory interest in their computer

28  systems and data, deleting data and files from all parts of the computer desktop.  Accordingly,

1  Plaintiffs and all Class members have been injured in the same manner.

2  **Adequacy:**    The named Plaintiffs are adequate representatives of the Class they

3  represent, since their interests are co-extensive with those of Class members, and the Plaintiffs

4  have retained experienced counsel to represent them.

5  **Common Questions Predominate:** Common questions predominate here.  One

6  common question is whether Intuit trespassed by creating code that allowed a faulty signal to

7  interact with users' computers and destroy data and files.  Another core issue is whether Intuit

8  breached warranties of merchantability and fitness for a particular purpose.  A third common

9  question is whether Intuit's alleged failure to warn its users to avoid opening QuickBooks or

10  Intuit's alleged failure to shut down its server before losses constituted an unfair business practice

11  and also whether Intuit's creation of a code that allegedly destroyed data on users' desktops, its

12  creating code that allegedly allowed a faulty signal to interact with users' computers without the

13  consent of the users, its alleged failure to warn its users to avoid opening QuickBooks or its

14  alleged failure to shut down its server before  losses, constituted negligence.  Here, common

15  questions of law and fact overwhelm individual issues.  Thus, the predominance requirement is

16  satisfied.  Class treatment here, in the context of the Settlement, will facilitate the favorable

17  resolution of all Class members' claims.

18  **Superiority:**   Given the large numbers of Class members and the multitude of

19  common issues present, use of the class device is also the most efficient and fair means of

20  adjudicating the claims that arise out of Defendants' alleged misconduct.  Class treatment in the

21  settlement context is superior to multiple individual suits or piecemeal litigation because it greatly

22  conserves judicial resources and promotes consistency and efficiency of adjudication.  For these

23  reasons, the superiority requirement is satisfied.

24  Because certification of the Rule 23 Class is proposed in the context of a

25  settlement, the Court need not inquire whether the case, if tried as a class action, would present

26  intractable management problems.  Accordingly, and for the reasons set forth above, the Court

27  hereby CERTIFIES the Rule 23 Class under Rule 23(a) and Rule 23(b)(3).

28

- 4 -

1    **II.    APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL**

2            The Court finds that Class Representatives Create-A-Card, Inc., AGSJ, Inc., and

3    Philanthropic Focus, LLC have claims typical of absent class members belonging to the Class and

4    are adequate representatives of those class members.  The Court appoints all of the above-

5    mentioned Plaintiffs to serve as Class Representatives.

6            The Court finds that Moscone, Emblidge & Quadra, LLP and Lieff Cabraser

7    Heimann & Bernstein, LLP have, separately and collectively, extensive experience and expertise

8    in prosecuting complex class cases involving defective products.  The Court appoints these firms

9    as Class Counsel.

10   **III.    PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT**

11           The Court has reviewed the terms of the Settlement Agreement, which provides

12   substantial cash relief to the Class, including up to 100% cash reimbursement for certain data-

13   recovery and data-reconstruction efforts related to damages suffered as a result of the

14   Malfunction, as well a free upgrade to Quickbooks Pro for Mac 2007.  The terms of the

15   Settlement Agreement will be implemented by an Independent Claims Administrator.  The Court

16   has also read and considered the declaration of James Quadra in support of preliminary approval.

17   Based on review of those papers, and the preliminary approval hearing, the Court concludes that

18   the proposed Settlement is the result of extensive, arms-length negotiations between the parties

19   after Class Counsel had investigated the claims and became familiar with the strengths and

20   weaknesses of Plaintiffs' case.  Based on all of these factors, the Court concludes that the

21   proposed settlement has no obvious defects and is within the range of possible settlement

22   approval, such that notice to the Class is appropriate.

23   **IV.    APPROVAL OF THE FORM AND MANNER OF DISTRIBUTING NOTICE AND
         CLAIM FORM**

24

25           The Parties have also submitted for this Court's approval a proposed Notice of

     Proposed Class Action Settlement ("Long Notice"), an abbreviated notice for emailing to all
26
     known registered users of the Software at issue ("Email Notice"), the proposed Claim Form, and
27
     Opt Out Form, each of which the Court has carefully reviewed.  The Court FINDS and
28

1  CONCLUDES as follows:

2         The proposed forms of Notice forms are sufficient in detail to provide the best

3  notice practicable under the circumstances.  The proposed forms of Notice allow Class members a

4  full and fair opportunity to consider the proposed Settlement.  The proposed plan for distributing

5  the Notice and Claim Form likewise is a reasonable method calculated to reach as many

6  individuals as reasonably possible who would be bound by the Settlement.  The Parties have

7  agreed to a notice dissemination plan that is likely to reach nearly 100% of Class members.  The

8  Class Notice will be sent via email to every registered user of the Software.  To register the

9  Software, consumers had to provide a current email address to Intuit.  As a result, Intuit has

10  complete records of email and mailing addresses that are no more than three years old.  Thus, it is

11  expected that the emailed Notice will reach nearly all registered users in the first instance.  In the

12  event that an emailed Notice is returned undeliverable, the Notice will be sent to the registered

13  user's mailing address, which was also provided to Intuit at the time of registration.  Given the

14  quality and freshness of Intuit's records, it is expected that nearly every registered user will

15  receive the Notice.  In the unlikely event that the email notice and mailed notice are both returned

16  as undeliverable, the intended recipient registered user will be excluded automatically from the

17  Class, thus preserving that Class member's right to pursue his or her own claim.  However,

18  should any such automatically excluded Class Member learn of the Settlement and timely submit

19  a claim, his or her claim will be treated like any other claim.

20         The Parties have agreed to send the Notice to all registered users of the Software,

21  even though the Class is limited to registered users whose data or files became inaccessible or

22  were damaged, corrupted, or lost, whether temporarily or permanently, as a result of a

23  malfunction of the Software's auto-update mechanism.  It is anticipated that approximately 1,035

24  registered users suffered damage.  The Class includes only the subset of damaged individuals

25  (and the Release of Claims applies only to that smaller subset).  Approximately 1,035 consumers

26  contacted Intuit to report damages as a result of the Malfunction.  While it may be that the Class

27  comprises only those 1,035 or so consumers, the Parties agreed to disseminate the notice to all

28  registered users of the Software to maximize the likelihood of reaching every damaged user.  In

1  addition, the Software at issue is primarily used by small business owners who may be more

2  savvy and proactive about reviewing the Notice and submitting claims than ordinary consumers.

3

4         In addition to the email and mailed notice described above, the Notice and other

5  documents will also be available online at a website maintained by the Independent Claims

6  Administrator.

7         The forms of Notice fairly, plainly, accurately, and reasonably inform Class

8  members of: (1) appropriate information about the nature of this litigation, the Settlement Class

9  definition, the identity of Class Counsel, and the essential terms of the Settlement, including the

10  cash reimbursement, the provision of full replacement materials and other relief as applicable; (2)

11  appropriate information about Class Counsel's forthcoming application for attorneys' fees; (3)

12  appropriate information about how to participate in the Settlement; (4) appropriate information

13  about this Court's procedures for final approval of the Settlement, and about Class members'

14  right to appear through counsel if they desire; (5) appropriate information about how to challenge

15  or opt-out of the Settlement, if they wish to do so; and (6) appropriate instructions as to how to

16  obtain additional information regarding this litigation and the Settlement.

17         Similarly, the proposed Claim Form allows eligible claimants a full and fair

18  opportunity to submit a claim for proceeds in connection with the Settlement. The Claim Form

19  fairly, accurately, and reasonably informs potential claimants that failure to complete and submit

20  a Claim Form, in the manner and time specified, shall constitute a waiver of any right to obtain

21  relief pursuant to the Settlement terms. As such, the proposed plan for distributing the forms of

22  Notice and Claim Form ("Notice Materials") will provide the best notice practicable, satisfies the

23  notice requirements of Rule 23(e), and satisfies all other legal and due process requirements.

24  **V.**    **PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT**

25      **A.**    **Fairness Hearing**

26         The Court hereby schedules a hearing to determine whether to grant final

27  certification of the Rule 23 Settlement Class and final approval of the Settlement Agreement

28  (including the monetary and injunctive relief, payment of attorneys' fees and costs, and service

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL
CASE NO. CV-07-6452 WHA

1   payments to the Class Representatives) (the "Fairness Hearing") for February 26, 2009.

2       **B.**    **Deadline to Request Exclusion from the Settlement**

3           Class Members who wish to exclude themselves from the Settlement must submit

4   a written statement requesting exclusion from the Class.  Only Non-Canadian Class Members

5   may object to the Settlement in the U.S. Action.  Such written request for exclusion must contain

6   the name, address, telephone number and email address of the Class Member requesting

7   exclusion, the date of data loss, and must be returned by certified mail to the address specified in

8   Exhibit D, and must be postmarked no later than sixty (60) days after the Class Notice Date (the

9   "Exclusion Deadline").  The date of the postmark on the mailing envelope shall be the exclusive

10  means used to determine whether a request for exclusion has been timely submitted.  In the event

11  that the postmark is illegible, the request for exclusion shall be deemed untimely unless it is

12  received within five (5) calendar days of the Exclusion Deadline.  Any Class Member who

13  properly opts out of the Settlement Class using this procedure will not be entitled to any recovery

14  under the Settlement Agreement and will not be bound by the Settlement Agreement or have any

15  right to object, appeal or comment thereon.  Non-Canadian Class Members who fail to submit a

16  valid and timely request for exclusion on or before the Exclusion Deadline shall be bound by all

17  terms of the Settlement Agreement and any Final Judgment entered in the Actions.  Pursuant to

18  Federal Rules of Civil Procedure 23(b)(3) and (c)(2), the terms and provisions of the Settlement

19  shall have no binding effect on any person who makes a timely request for exclusion in the

20  manner required by this Order.  Class Counsel and Defendant's counsel shall promptly furnish

21  each other with copies of any and all objections, appearances and requests for exclusion that

22  come into their possession.

23      **C.**    **Deadline for Filing Objections to Settlement**

24          A Class Member who wishes to object to the fairness, reasonableness or adequacy

25  of the Settlement must do so in writing.  Only Non-Canadian Class Members may object to the

26  Settlement Agreement in the U.S. Action.  Class Members who have timely objected to the

27  Settlement in writing may also appear at the Fairness Hearing.  To be considered, any objection to

28  the final approval of the Settlement must state the basis for the objection, and must be filed with

1    the Court and be served on Class Counsel and Counsel for Intuit, at the addresses provided in the

2    Notice fourteen (14) days prior to the Fairness Hearing (the "Objection Deadline").  The objector

3    must include in his or her filing (i) a statement of the objection, as well as the specific reasons, if

4    any, for each objection, including any legal support the Class Member wishes to bring to the

5    Court's attention; (ii) any evidence the Class Member wishes to introduce in support of his or her

6    objection; and (iii) a list of all class action proceedings in which such objectors or their attorneys

7    previously appeared as objectors or on behalf of objectors.  Any Class Member who does not

8    timely file and serve such a written objection shall not be permitted to raise such objection, except

9    for good cause shown, and any Class Member who fails to object in the manner prescribed herein

10    shall be deemed to have waived, and shall be foreclosed from raising, any such objection.

11          If objections are filed, Class Counsel or Counsel for Defendants may engage in

12    discovery concerning the filed objections prior to the Fairness Hearing.  Class Counsel or Counsel

13    for Defendants may file responses to any objections to the final approval of the Settlement no

14    later than seven (7) days prior to the Fairness Hearing.

15          **D.    Deadline for Submitting Claims Forms**

16          All Class Members who have submitted a valid and timely Claim Form

17    demonstrating their right to a Settlement Award will receive a Settlement Award from Intuit.  A

18    Class Member who does not opt out may participate fully in the Settlement.  To receive a cash

19    reimbursement, such a Class Member must properly and timely complete a Claim Form in

20    accordance with the terms of the Settlement Agreement.  Class Members who have submitted a

21    valid and timely Claim Form demonstrating their right to a Settlement Award will receive a

22    Settlement Award from Intuit.  Class Members must submit the Claim Form and all

23    accompanying documentation by first class mail according to the instructions set forth in the Full

24    Notice.

25          Class Members must complete the Claim Form and submit all requested

26    documentation in accordance with the instructions set forth in the Full Notice within the ninety

27    (90) day period commencing with the Class Notice Date (the "Claim Period") for a Class Member

28    to be eligible to receive any Settlement Award.  Claim Forms must also be valid for a Class

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL
CASE NO. CV-07-6452 WHA

1    Member to receive a Settlement Award. A Claim Form shall be deemed valid if the Class

2    Member has filled out the required portions of the Claim Form in their entirety, dated the Claim

3    Form, submitted supporting documentation, and signed the Claim Form under the penalty of

4    perjury. As set forth in greater detail in the Settlement Agreement, Intuit shall have an

5    opportunity to review all Claim Forms submitted and provide written objections to any claims it

6    believes are improperly classified or documented. Intuit and Class Counsel will then meet and

7    confer in good faith to attempt to resolve any disputed claims. If they cannot informally and

8    promptly resolve the dispute, the ICA will make a final, binding determination after reviewing

9    brief written statements from each side.

10        **E.    Deadline for Submitting Motion Seeking Final Approval**

11            No later than twenty one (21) days before the Fairness Hearing, Plaintiffs shall file

12    a Motion for Final Approval of the Settlement. On or before one week before the Fairness

13    Hearing, the Parties may file with the Court reply brief(s) responding to any filed objections.

14        **F.    Attorneys' Fees and Costs**

15            The Parties have not yet reached agreement on the issue of Plaintiffs' attorneys'

16    fees or costs. Class Counsel shall file with this Court their petition for an award of attorneys' fees

17    and reimbursement of expenses no later than twenty-one (21) days before the Fairness Hearing.

18    Class Counsel may file a reply to any opposition memorandum filed by Intuit or any objector no

19    later than one week before the Fairness Hearing.

20    **VI.    PLAINTIFFS' AND CLASS MEMBERS' RELEASE**

21            If, at the Fairness Hearing, this Court grants final approval to the Settlement, the

22    Named Plaintiffs and each individual member of the Rule 23 Settlement Class who does not

23    timely opt-out will release claims, as set forth in Settlement Agreement, by operation of this

24    Court's entry of the Judgment and Final Approval, regardless of whether he or she submits a

25    Claim Form or receives any share of the Settlement fund.

26    IN LIGHT OF THE FOREGOING, IT IS HEREBY ORDERED THAT:

27            1.    The proposed Settlement is hereby PRELIMINARILY APPROVED. Final

28    approval is subject to the hearing of any objections of members of the Settlement Class.

- 10 -

2.     The proposed Settlement Class is provisionally certified for the sole purpose of effectuating the Settlement.

3.     Create-A-Card, Inc., AGSJ, Inc., and Philanthropic Focus, LLC are appointed as Class representatives.

4.     Moscone, Emblidge & Quadra, LLP and Lieff, Cabraser, Heimann, & Bernstein, LLP are appointed as Class Counsel.

5.     The Notice Plan is hereby APPROVED as follows:

A.     The forms of Notice attached as Exs. C, D, E, and H to the Settlement Agreement are approved.

B.     The proposed manner of distributing the Notice is approved.

C.     Promptly following the entry of this Order, the ICA shall prepare final versions of the Notice, incorporating into the Notice the relevant dates and deadlines set forth in this Order.

D.     Promptly following the entry of this Order, the Defendants and Plaintiffs shall provide the ICA a database in an acceptable format listing all known Class Members physical and email addresses.

E.     Prior to the mailing of the Notice Materials, the ICA shall update any new address information for potential class members as may be available through the National Change of Address ("NCOA") database or equivalent system.

F.     Within twenty-one (21) days following the entry of orders in both this action and the Canadian Action granting preliminary approval of the Settlement Agreement, and no earlier than December 1, 2008, the ICA shall distribute via email the Class Notice attached to the Settlement Agreement as Exhibit D to all registered users of the Software (including those in Canada).  For any registered user whose email address is unavailable in the first instance, Class Notice shall be sent on the same day by first class mail by the ICA.

G.     Any Class Notice sent by email that is returned to the ICA as non-deliverable before the Exclusion Deadline, shall be immediately sent by first class mail, if such an address is available.  In the event the email and the mailed notice are both returned as non-

- 11 -

1   deliverable, or if the email is returned as non-deliverable and there is no mailing address

2   available, the intended recipient shall be deemed to have opted out of the settlement.  Any Class

3   Notice returned by mail to the ICA as non-deliverable before the Exclusion Deadline shall be sent

4   to the forwarding address described therein, if any.  If there is no forwarding address or if the

5   Class Notice is again returned as non-deliverable, the intended recipient shall be deemed to have

6   opted out of the settlement.

7           H.      The Independent Claims Administrator shall take all other actions

8   in furtherance of claims administration as are specified in the Settlement Agreement.

9           6.      Further settlement proceedings in this matter shall proceed according to the

10  following schedule:

11          _February  5, 2009:      Deadline to file Plaintiffs' Motion for Final
                                     Approval and Award of Attorneys' Fees
12
            _February 12, 2009:      Last day to opt out or object to the
13                                   Settlement

14          _February 19, 2009:      Deadline to file Reply Memorandum in
                                     Support of Final Approval and Award of
15                                   Attorneys' Fees

16          __February 26, 2009:     Fairness Hearing

17
18  IT IS SO ORDERED.

19  Dated: _____      _____

20

21

22

23

24

25

26

27

28

**EXHIBIT H**

RE:  Important Legal Notice Regarding Your QuickBooks® 2006 for Mac Settlement Claim

Dear [CUSTOMER NAME]:

You are receiving this legal notice because you are a Class Member in the QuickBooks® 2006 for Mac Settlement and submitted a Claim Form that included a reimbursement claim for:  (1) in-house data recovery and/or reconstruction expenses (Part 3 of the Claim Form); and/or (2) third party data reconstruction expenses (Part 4 of the Claim Form) (collectively, "Capped Reimbursements"). (Information about this settlement, including the prior legal notices, Claim Form and Settlement Agreement, are available at the Claims Administrator's website at [INSERT WEBSITE] or by calling [INSERT #]).

Because the total aggregate amount of Capped Reimbursements received by the Claims Administrator has exceeded $500,000 USD, your Capped Reimbursement claim has been pro rata reduced as follows:

|  |  |  |
|---|---|---|
| Total Capped Reimbursements You Submitted: | $ _____ | USD |
| **Total Capped Reimbursements You Will Be Receiving:** | **$ _____** | **USD** |

**The above pro rata reduction will NOT affect any reimbursement claim for data recovery expenses or request for a free upgrade you submitted under Parts 2 and 5 of your Claim Form.**

You can now do one of two things:

**1.**     **Do Nothing.**   You will remain a member of the Class and receive the above pro rata reduced Capped Reimbursements, in addition to any other approved amounts submitted on your Claim Form.

**2.**     **Exclude Yourself.**  Now that you are aware of your pro rata reduced claim amount, you have the right to exclude yourself ("opt out") of the Class.  If you opt out, you will no longer be bound by the Release of Claims, will not be a member of the Class and will not be entitled to receive anything under this Settlement.  This is the only option that allows you to ever be part of another lawsuit against Intuit about the legal claims in this case.

To exclude yourself from the settlement, you must send a letter by certified mail stating you "request to be excluded from the settlement in the *Create-A-Card, et al. v. Intuit* Litigation."  You must sign the letter and include your name, address, telephone number, email address and date of desktop data loss.  The letter must be sent to the following address; you <u>cannot</u> exclude yourself over the phone, by fax or by email:

[INSERT NAME]
Claims Administrator
[INSERT ADDRESS]

TO BE CONSIDERED TIMELY AND TO EFFECTIVELY OPT OUT OF THE SETTLEMENT, YOUR SIGNED OPT OUT LETTER MUST BE POSTMARKED BY **[30 DAYS AFTER SECOND EXCLUSION NOTICE DATE]**.  IF IT IS NOT POSTMARKED BY THAT DATE, YOUR RIGHT TO OPT OUT WILL BE DEEMED WAIVED AND YOU WILL BE BOUND BY ALL ORDERS AND JUDGMENTS ENTERED IN CONNECTION WITH THE SETTLEMENT.

**For further information, please call [CLAIMS ADMINISTRATOR PHONE NUMBER] or visit the Claims Administrator website at:  www.claimsadministratorwebsite.com.**

**EXECUTION COPY**

**EXHIBIT I**

1  James A. Quadra (SBN 131084)
   Rebecca Bedwell-Coll (SBN 184468)
2  MOSCONE, EMBLIDGE & QUADRA, LLP
   Mills Tower
3  220 Montgomery Street, Ste. 2100
   San Francisco, California 94104
4  Telephone: (415) 362-3599
   Facsimile: (415) 362-2006
5  Email: quadra@meqlaw.com

6  Michael W. Sobol (SBN 194857)
   Kristen E. Law (SBN 222249)
7  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
   275 Battery Street, 30th Floor
8  San Francisco, CA 94111-3339
   Telephone: (415) 956-1000
9  Facsimile: (415) 956-1008
   Email: msobol@lchb.com

10 Jonathan D. Selbin (SBN 170222)
11 LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
   780 Third Avenue, 48th Floor
12 New York, NY 10017-2024
   Telephone:  (212) 355-9500
13 Facsimile:  (212) 355-9592
   Email: jselbin@lchb.com

14 *Attorneys for Plaintiffs and proposed Class*

15

16                  UNITED STATES DISTRICT COURT
17              NORTHERN DISTRICT OF CALIFORNIA
             SAN FRANCISCO / OAKLAND DIVISION
18

19 CREATE-A-CARD, INC.; AGSJ, INC.;         Case No. CV-07-6452 WHA
   and PHILANTHROPIC FOCUS, LLC, on
20 behalf of themselves and all those similarly   **CLASS ACTION**
   situated,
21                                          **[PROPOSED] ORDER ENTERING
                   Plaintiffs,             FINAL JUDGMENT**
22
   v.
23
   INTUIT Inc.,
24
                   Defendant.
25

26

27        On February 26, 2009, a hearing was held on the joint motion of plaintiffs Create-A-Card,

28 Inc., AGSJ, Inc., and Philanthropic Focus, LLC ("Plaintiffs") and Intuit Inc. ("Intuit")

1  (collectively the "Parties"), for final approval of their class settlement; and on the separate motion

2  of Plaintiff and their counsel for awards of the Class Representative Payment and the Class

3  Counsel Attorneys' Fees and Costs Payment.

4        Having received and considered the Settlement, the supporting papers filed by the Parties,

5  and the evidence and argument received by the Court at the preliminary approval hearing held on

6  September ___, 2008, and the final approval hearing on February 26, 2009, the Court granted

7  final approval to the Settlement in a separate Final Approval Order dated February ___, 2009.

8        By means of the Final Approval Order, this Court hereby enters final judgment in this

9  action, as defined in Federal Rule of Procedure 58(a)(1).

10

11 **IT IS SO ORDERED.**

12 Dated: _____        _____

13                                      Hon. William A. Alsup
                                        United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER RE (1) FINAL CERTIFICATION;
(2) FINAL APPROVAL; AND (3) FINAL JUDGMENT
CASE NO. CV-07-6452 WHA

**EXHIBIT J**

# Opt Out Form

### QuickBooks® 2006 for Mac Class Action Settlement

## FOR CANADIAN RESIDENTS ONLY

**This is NOT a claim form.  It EXCLUDES you as a Class Member from the terms of the QuickBooks® 2006 for Mac Class Action Settlement.  Do NOT use this Form if you want to receive a compensatory payment under the Settlement Agreement.**

To be effective as an election to opt-out of this Settlement, this Form must be completed, signed, sent and received by regular mail or fax, **no later than [insert fixed date]** to the Claims Administrator at the address listed below.

**Please read the entire form and follow all instructions carefully.**

**I.      Personal Information/Corporate Information:**  Please provide the following information about yourself or your company.

| First Name/Company Representative | Middle Initial | Last Name | |
|---|---|---|---|
| Company Name | | Title | |
| Street Address | | Apt. No. | |
| City | | Province | Postal Code |
| Daytime Phone Number<br><br>(    ) | Evening Phone Number<br><br>(    ) | | Email Address |
| Date of Birth<br><br>    /        / | Date of Data Loss<br><br>    /        / | | |

**II.      Lawyer Information: (if applicable)** If you have hired a lawyer in connection with your data or files that became inaccessible or were damaged, corrupted, or lost, whether temporarily or permanently, as a result of a malfunction in the Software's automatic update mechanism, please provide the following information about the lawyer.

| Law Firm Name | |
|---|---|
| Lawyer's First Name | Lawyer's Last Name |
| Lawyer's Phone Number | |

1

**EXECUTION COPY**

**I do not want to be included in the class action relating to QuickBooks® Pro 2006 for Mac. I want to opt out (be excluded from) this class action. I have read the foregoing and understand that by opting out, I will never be eligible to receive any compensation pursuant to the QuickBooks® 2006 for Mac Class Action Settlement. I further understand that by opting out, all personal representatives; my spouse and children who might otherwise make a claim for compensation are deemed to have opted out as well. If opting out on behalf of a company, I represent that I have authority to bind the company.**

_____

Date Signed                    Signature                              Title
                               (Class Member)

To be effective as an election to opt out of this Settlement, this Form must be completed, signed, sent and received by regular mail or fax, **no later than January 30, 2009** to the address listed below.

The consequences of returning this Form are explained in the Notice of Proposed Settlement of Class Action to Registered Users of QuickBooks® Pro 2006 for Mac or QuickBooks® New User Edition 2006 for Mac in Canada. If you have questions about using or completing this Form, contact your lawyer or call the Claims Administrator's Information Line at: [INSERT NUMBER].

**Please mail or fax this Opt Out Form to the following address for receipt NO LATER THAN JANUARY 30, 2009:**

**QuickBooks® 2006 for Mac Claims Administrator**

**[INSERT CLAIMS ADMINISTRATOR INFORMATION]**

**THE INFORMATION PROVIDED IN THIS FORM WILL REMAIN CONFIDENTIAL**

EXECUTION COPY