James A. Quadra (SBN 131084)
Rebecca Bedwell-Coll (SBN 184468)
MOSCONE, EMBLIDGE & QUADRA, LLP
Mills Tower
220 Montgomery Street, Ste. 2100
San Francisco, California 94104
Telephone: (415) 362-3599
Facsimile: (415) 362-2006
Email: quadra@meqlaw.com

Michael W. Sobol (SBN 194857)
Kristen E. Law (SBN 222249)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: msobol@lchb.com

Jonathan D. Selbin (SBN 170222)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
Email: jselbin@lchb.com

*Attorneys for Plaintiffs and proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| CREATE-A-CARD, INC.; AGSJ, INC.; and PHILANTHROPIC FOCUS, LLC, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTUIT INC.,<br><br>Defendant. | Case No. CV-07-6452 WHA<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER (1) GRANTING PRELIMINARY APPROVAL TO THE PROPOSED SETTLEMENT; (2) PROVISIONALLY CERTIFYING THE PROPOSED SETTLEMENT CLASS; (3) APPROVING THE PROPOSED NOTICE PLAN AND FORMS OF NOTICE; AND (4) SCHEDULING THE FINAL FAIRNESS HEARING** |

The parties have submitted for this Court's review a proposed Class Action Settlement Agreement resolving all claims in this action against Defendant Intuit Inc. ("Intuit"). Having conducted a hearing regarding the reasonableness of proceeding with the proposed Settlement and having reviewed the Settlement Agreement, Plaintiffs' Motion for an Order Granting Preliminary Approval to the Proposed Class Action Settlement, and the files and records of this case, the Court now FINDS, CONCLUDES, and ORDERS as follows:

**I.     CERTIFICATION OF SETTLEMENT CLASS**

Solely for the purpose of effectuating the proposed Settlement, Plaintiffs have proposed conditional certification of the following Settlement Class under Federal Rule of Civil Procedure 23 (the "Class"):

> The "Settlement Class" includes all registered users of QuickBooks Pro 2006 for Mac or Quickbooks New User Edition 2006 for Mac whose data or files became inaccessible or were damaged, corrupted, or lost, whether temporarily or permanently, as a result of a malfunction of the Software's auto-update mechanism (the "Malfunction") who do not timely opt out of this settlement.

Notwithstanding the foregoing, the following Persons shall be excluded from the Class: (1) Defendant and its subsidiaries and affiliates; (2) all Persons who make a timely election to be excluded from the proposed Class; (3) governmental entities; and (4) the judge(s) to whom this case is assigned and any immediate family members thereof. In addition, notwithstanding the foregoing, all claims for personal injury and wrongful death are excluded from the Class.

Plaintiffs Create-A-Card, Inc., AGSJ, Inc., and Philanthropic Focus, LLC (collectively, "Plaintiffs") brought this Rule 23 Class Action on behalf themselves and a worldwide class of registered owners of Intuit's QuickBooks Pro 2006 for Mac or QuickBooks New User Edition 2006 for Mac (the "Software"), whose files or data became inaccessible or were damaged, corrupted, or lost, whether temporarily or permanently, as a result of opening the Software and receiving an allegedly defective update from Intuit. Plaintiffs filed this action on behalf of themselves and all others similarly situated on December 21, 2007, alleging claims for negligence, strict products liability, trespass to chattels, breach of implied warranty and violations of California Business & Professions Code Section 17200, et seq., and later amended their

Complaint and added a claim for breach of contract. Specifically, Plaintiffs allege that QuickBooks Pro 2006 for Macintosh and QuickBooks New User Edition 2006 for Macintosh (collectively, the "Software") has a built in "automatic update" mechanism that is activated when the program is launched. Plaintiffs allege that the Software contained a defect that was triggered when it searched for updates to download but did not receive the anticipated response. When this happened, the defective program allegedly deleted all files on the user's desktop.

Plaintiffs allege that as a result of a malfunctioning of the Software's automatic update mechanism ("Malfunction") caused by, among other reasons, this alleged defect in the Software's automatic update mechanism code (the "Software Bug"), the data or files residing on their Macintosh desktops became inaccessible or were damaged, corrupted, or lost, either temporarily or permanently, and as a result, they suffered damages. Plaintiffs allege that users of the Software lost customer lists, chapters of books they were writing, photo shoots they had been paid to complete, logos they had designed, months of billing and other valuable work product.

Intuit contends it is not liable for the claims asserted in the Actions, that it has valid defenses to those claims, and that Plaintiffs have not suffered any recoverable damages. Notwithstanding their denial of liability, Intuit has taken certain corrective steps, as outlined in the Settlement Agreement, to assist some customers who lost data as a result of the Software Malfunction. The Settlement Agreement expands the benefits Intuit has offered voluntarily and provides for comprehensive notice of the available relief to all Class members.

The Court hereby FINDS and CONCLUDES that the proposed Class satisfies all of the requirements for certification under Rule 23(a) and Rule 23(b)(3). Provisional certification of a class is appropriate in part because Defendants do not object to class certification in the context of this Settlement. The Court takes guidance in its consideration of certification issues from *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).

**Numerosity:** This Court finds that a class of consumers is sufficiently numerous to satisfy the numerosity requirement. The parties estimate that approximately 1,035 of registered users of the Software were damaged as a result of the Malfunction. Only registered users who suffered damage as a result of the Malfunction are Class Members. Thus, it is estimated that the

Class comprises approximately 1,035 consumers. Given the number of potentially affected individuals, the Class is sufficiently numerous that joinder is impracticable.

**Common Questions of Law and Fact:** The test for common questions of law and fact is "qualitative rather than quantitative—one significant issue common to the class may be sufficient to warrant certification." *See Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1177 (9th Cir. 2007)). "[P]laintiffs may demonstrate commonality by showing that class members have shared legal issues by divergent facts or that they share a common core of facts but base their claims for relief on different legal theories." *Id*. The members of the Class share common issues of fact and law that include, but are not limited to, the following: (1) whether Intuit took proper steps to avoid data losses for its customers; (2) whether Intuit trespassed by allegedly creating and allowing its code to enter users' computers and destroy data and files; (3) whether Intuit breached warranties of merchantability and fitness for a particular purpose; (4) whether Intuit's alleged failure to warn its users to avoid opening QuickBooks or Intuit's failure to shut down its server before losses constituted an unfair business practice; (5) whether Intuit's alleged creation of a code that destroyed data on users' desktops, its allegedly allowing such code to intrude into users' computers without the consent of the users, its alleged failure to warn its users to avoid opening QuickBooks or its alleged failure to shut down its server before losses, constituted negligence; (6) whether Intuit is liable under a theory of products liability for its creation of a code that allegedly destroyed data on users' desktops, its alleged failure to warn its users to avoid opening QuickBooks or its alleged failure to shut down its server before losses. In light of the foregoing, the commonality requirement is satisfied.

**Typicality:** Representative claims are typical of the class claims if they are "reasonably coextensive with those of the absent class members." *Dukes,* 509 F.3d at 1184 (citing *Hanlon*, 150 F.3d 1011, 1020). The named Plaintiffs' have asserted claims which are typical of the other class members' claims in that they allege that Intuit's Quickbooks software was defective and allowed a faulty signal and/or defective software to enter the Class Members' computers without permission and interfere with Plaintiffs' possessory interest in their computer systems and data, deleting data and files from all parts of the computer desktop. Accordingly,

Plaintiffs and all Class members have been injured in the same manner.

**Adequacy:** The named Plaintiffs are adequate representatives of the Class they represent, since their interests are co-extensive with those of Class members, and the Plaintiffs have retained experienced counsel to represent them.

**Common Questions Predominate:** Common questions predominate here. One common question is whether Intuit trespassed by creating code that allowed a faulty signal to interact with users' computers and destroy data and files. Another core issue is whether Intuit breached warranties of merchantability and fitness for a particular purpose. A third common question is whether Intuit's alleged failure to warn its users to avoid opening QuickBooks or Intuit's alleged failure to shut down its server before losses constituted an unfair business practice and also whether Intuit's creation of a code that allegedly destroyed data on users' desktops, its creating code that allegedly allowed a faulty signal to interact with users' computers without the consent of the users, its alleged failure to warn its users to avoid opening QuickBooks or its alleged failure to shut down its server before losses, constituted negligence. Here, common questions of law and fact overwhelm individual issues. Thus, the predominance requirement is satisfied. Class treatment here, in the context of the Settlement, will facilitate the favorable resolution of all Class members' claims.

**Superiority:** Given the large numbers of Class members and the multitude of common issues present, use of the class device is also the most efficient and fair means of adjudicating the claims that arise out of Defendants' alleged misconduct. Class treatment in the settlement context is superior to multiple individual suits or piecemeal litigation because it greatly conserves judicial resources and promotes consistency and efficiency of adjudication. For these reasons, the superiority requirement is satisfied.

Because certification of the Rule 23 Class is proposed in the context of a settlement, the Court need not inquire whether the case, if tried as a class action, would present intractable management problems. Accordingly, and for the reasons set forth above, the Court hereby CERTIFIES the Rule 23 Class under Rule 23(a) and Rule 23(b)(3).

## II. APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

The Court finds that Class Representatives Create-A-Card, Inc., AGSJ, Inc., and Philanthropic Focus, LLC have claims typical of absent class members belonging to the Class and are adequate representatives of those class members. The Court appoints all of the above-mentioned Plaintiffs to serve as Class Representatives.

The Court finds that Moscone, Emblidge & Quadra, LLP and Lieff Cabraser Heimann & Bernstein, LLP have, separately and collectively, extensive experience and expertise in prosecuting complex class cases involving defective products. The Court appoints these firms as Class Counsel.

## III. PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT

The Court has reviewed the terms of the Settlement Agreement, which provides substantial cash relief to the Class, including up to 100% cash reimbursement for certain data-recovery efforts and reimbursement for certain data-reconstruction efforts related to damages suffered as a result of the Malfunction, as well a free upgrade to QuickBooks Pro for Mac 2007. The terms of the Settlement Agreement will be implemented by an Independent Claims Administrator. The Court has also read and considered the declaration of James Quadra in support of preliminary approval. Based on review of those papers, and the preliminary approval hearing, the Court concludes that the proposed Settlement is the result of extensive, arms-length negotiations between the parties after Class Counsel had investigated the claims and became familiar with the strengths and weaknesses of Plaintiffs' case. Based on all of these factors, the Court concludes that the proposed settlement has no obvious defects and is within the range of possible settlement approval, such that notice to the Class is appropriate.

## IV. APPROVAL OF THE FORM AND MANNER OF DISTRIBUTING NOTICE AND CLAIM FORM

The Parties have also submitted for this Court's approval a proposed Notice of Proposed Class Action Settlement ("Long Notice"), an abbreviated notice for emailing and sending by first class mail to all known registered users of the Software at issue ("Summary Notice"), the proposed Claim Form, and Opt Out Form, each of which the Court has carefully

reviewed. The Court FINDS and CONCLUDES as follows:

The proposed forms of Notice are sufficient in detail to provide the best notice practicable under the circumstances. The proposed forms of Notice allow Class members a full and fair opportunity to consider the proposed Settlement. The proposed plan for distributing the Notice and Claim Form likewise is a reasonable method calculated to reach as many individuals as reasonably possible who would be bound by the Settlement. The Parties have agreed to a notice dissemination plan that is likely to reach nearly 100% of Class members. The Summary Notice (with links to the Long Notice, Claims Form and the Claims Administrator's website) will be sent via email and first class mail to every registered user of the Software. To register the Software, consumers had to provide a current email and mailing address to Intuit. As a result, Intuit has complete records of email and mailing addresses that are no more than three years old. Given the quality and freshness of Intuit's records, it is expected that nearly every registered user will receive the Summary Notice. In the event that the mailed notice is returned as undeliverable, the intended recipient registered user will be excluded automatically from the Class, thus preserving that Class member's right to pursue his or her own claim. However, should any such automatically excluded Class Member learn of the Settlement and timely submit a claim, his or her claim will be treated like any other claim.

The Parties have agreed to send the Notice to all registered users of the Software, even though the Class is limited to registered users whose data or files became inaccessible or were damaged, corrupted, or lost, whether temporarily or permanently, as a result of a malfunction of the Software's auto-update mechanism. It is anticipated that approximately 1,035 registered users suffered damage. The Class includes only the subset of damaged individuals (and the Release of Claims applies only to that smaller subset). Approximately 1,035 consumers contacted Intuit to report damages as a result of the Malfunction. While it may be that the Class comprises only those 1,035 or so consumers, the Parties agreed to disseminate the notice to all registered users of the Software to maximize the likelihood of reaching every damaged user. In addition, the Software at issue is primarily used by small business owners who may be more savvy and proactive about reviewing the Notice and submitting claims than ordinary consumers.

In addition to the email and mailed notice described above, the forms of Notice and other documents will also be available online at a website maintained by the Independent Claims Administrator.

The forms of Notice fairly, plainly, accurately, and reasonably inform Class members of: (1) appropriate information about the nature of this litigation, the Settlement Class definition, the identity of Class Counsel, and the essential terms of the Settlement, including the cash reimbursement, the provision of full replacement materials and other relief as applicable; (2) appropriate information about Class Counsel's forthcoming application for attorneys' fees; (3) appropriate information about how to participate in the Settlement; (4) appropriate information about this Court's procedures for final approval of the Settlement, and about Class members' right to appear through counsel if they desire; (5) appropriate information about how to challenge or opt-out of the Settlement, if they wish to do so; and (6) appropriate instructions as to how to obtain additional information regarding this litigation and the Settlement.

Similarly, the proposed Claim Form allows eligible claimants a full and fair opportunity to submit a claim for proceeds in connection with the Settlement. The Claim Form fairly, accurately, and reasonably informs potential claimants that failure to complete and submit a Claim Form, in the manner and time specified, shall constitute a waiver of any right to obtain relief pursuant to the Settlement terms. As such, the proposed plan for distributing the forms of Notice and Claim Form ("Notice Materials") will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), and satisfies all other legal and due process requirements.

## V.    PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

### A.    Fairness Hearing

The Court hereby schedules a hearing to determine whether to grant final certification of the Rule 23 Settlement Class and final approval of the Settlement Agreement (including the monetary and injunctive relief, payment of attorneys' fees and costs, and service payments to the Class Representatives) (the "Fairness Hearing") for March 26, 2009 at 8:00 a.m.

### B.    Deadline to Request Exclusion from the Settlement

Class Members who wish to exclude themselves from the Settlement must submit

a written statement requesting exclusion from the Class. Only Non-Canadian Class Members may object to the Settlement in the U.S. Action. Such written request for exclusion must contain the name, address, telephone number and email address of the Class Member requesting exclusion, the date of data loss, and must be returned by certified mail to the address specified in Exhibit D, and must be postmarked no later than sixty (60) days after the Class Notice Date (the "Exclusion Deadline"). The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. In the event that the postmark is illegible, the request for exclusion shall be deemed untimely unless it is received within five (5) calendar days of the Exclusion Deadline. Any Class Member who properly opts out of the Settlement Class using this procedure will not be entitled to any recovery under the Settlement Agreement and will not be bound by the Settlement Agreement or have any right to object, appeal or comment thereon. Non-Canadian Class Members who fail to submit a valid and timely request for exclusion on or before the Exclusion Deadline shall be bound by all terms of the Settlement Agreement and any Final Judgment entered in the Actions. Pursuant to Federal Rules of Civil Procedure 23(b)(3) and (c)(2), the terms and provisions of the Settlement shall have no binding effect on any person who makes a timely request for exclusion in the manner required by this Order. Class Counsel and Defendant's counsel shall promptly furnish each other with copies of any and all objections, appearances and requests for exclusion that come into their possession.

**C.     Deadline for Filing Objections to Settlement**

A Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement must do so in writing. Only Non-Canadian Class Members may object to the Settlement Agreement in the U.S. Action. Class Members who have timely objected to the Settlement in writing may also appear at the Fairness Hearing. To be considered, any objection to the final approval of the Settlement must state the basis for the objection, and must be filed with the Court and be served on Class Counsel and Counsel for Intuit, at the addresses provided in the Notice fourteen (14) days prior to the Fairness Hearing (the "Objection Deadline"). The objector must include in his or her filing (i) a statement of the objection, as well as the specific reasons, if

any, for each objection, including any legal support the Class Member wishes to bring to the Court's attention; (ii) any evidence the Class Member wishes to introduce in support of his or her objection; and (iii) a list of all class action proceedings in which such objectors or their attorneys previously appeared as objectors or on behalf of objectors. Any Class Member who does not timely file and serve such a written objection shall not be permitted to raise such objection, except for good cause shown, and any Class Member who fails to object in the manner prescribed herein shall be deemed to have waived, and shall be foreclosed from raising, any such objection.

If objections are filed, Class Counsel or Counsel for Defendants may engage in discovery concerning the filed objections prior to the Fairness Hearing. Class Counsel or Counsel for Defendants may file responses to any objections to the final approval of the Settlement no later than seven (7) days prior to the Fairness Hearing. Any Class Member whose objection to the settlement is overruled will be provided an opportunity to then exclude themselves from the Class.

### D. Deadline for Submitting Claims Forms

All Class Members who have submitted a valid and timely Claim Form demonstrating their right to a Settlement Award will receive a Settlement Award from Intuit. A Class Member who does not opt out may participate fully in the Settlement. To receive a cash reimbursement, such a Class Member must properly and timely complete a Claim Form in accordance with the terms of the Settlement Agreement. Class Members who have submitted a valid and timely Claim Form demonstrating their right to a Settlement Award will receive a Settlement Award from Intuit. Class Members must submit the Claim Form and all accompanying documentation by first class mail according to the instructions set forth in the Full Notice.

Class Members must complete the Claim Form and submit all requested documentation in accordance with the instructions set forth in the Full Notice within the ninety (90) day period commencing with the Class Notice Date (the "Claim Period") for a Class Member to be eligible to receive any Settlement Award. Claim Forms must also be valid for a Class Member to receive a Settlement Award. A Claim Form shall be deemed valid if the Class

1  Member has filled out the required portions of the Claim Form in their entirety, dated the Claim
2  Form, submitted supporting documentation, and signed the Claim Form under the penalty of
3  perjury.  As set forth in greater detail in the Settlement Agreement, Intuit shall have an
4  opportunity to review all Claim Forms submitted and provide written objections to any claims it
5  believes are improperly classified or documented.  Intuit and Class Counsel will then meet and
6  confer in good faith to attempt to resolve any disputed claims.  If they cannot informally and
7  promptly resolve the dispute, the ICA will make a final, binding determination after reviewing
8  brief written statements from each side.

### E.   **Deadline for Submitting Motion Seeking Final Approval**

No later than twenty one (21) days before the Fairness Hearing, Plaintiffs shall file a Motion for Final Approval of the Settlement.  On or before one week before the Fairness Hearing, the Parties may file with the Court reply brief(s) responding to any filed objections.

### F.   **Attorneys' Fees and Costs**

The Parties have not yet reached agreement on the issue of Plaintiffs' attorneys' fees or costs.  Class Counsel shall file with this Court their petition for an award of attorneys' fees and reimbursement of expenses no later than twenty-one (21) days before the Fairness Hearing. Class Counsel may file a reply to any opposition memorandum filed by Intuit or any objector no later than one week before the Fairness Hearing.

## VI.   **PLAINTIFFS' AND CLASS MEMBERS' RELEASE**

If, at the Fairness Hearing, this Court grants final approval to the Settlement, the Named Plaintiffs and each individual member of the Rule 23 Settlement Class who does not timely opt-out will release claims, as set forth in Settlement Agreement, by operation of this Court's entry of the Judgment and Final Approval, regardless of whether he or she submits a Claim Form or receives any share of the Settlement fund.

IN LIGHT OF THE FOREGOING, IT IS HEREBY ORDERED THAT:

1. The proposed Settlement is hereby PRELIMINARILY APPROVED.  Final approval is subject to the hearing of any objections of members of the Settlement Class.

2. The proposed Settlement Class is provisionally certified for the sole purpose of effectuating the Settlement.

3. Create-A-Card, Inc., AGSJ, Inc., and Philanthropic Focus, LLC are appointed as Class representatives.

4. Moscone, Emblidge & Quadra, LLP and Lieff, Cabraser, Heimann, & Bernstein, LLP are appointed as Class Counsel.

5. The Notice Plan is hereby APPROVED as follows:

A. The forms of Notice attached as Exs. C, D, E, and H to the Settlement Agreement, and as modified as Exhibits 1 and 2 hereto, are approved.

B. The proposed manner of distributing the Notice is approved.

C. Promptly following the entry of this Order, the ICA shall prepare final versions of the Notice, incorporating into the Notice the relevant dates and deadlines set forth in this Order.

D. Promptly following the entry of this Order, the Defendants and Plaintiffs shall provide the ICA a database in an acceptable format listing all known Class Members physical and email addresses.

E. Prior to the mailing of the Notice Materials, the ICA shall update any new address information for potential class members as may be available through the National Change of Address ("NCOA") database or equivalent system.

F. Within twenty-one (21) days following the entry of orders in both this action and the Canadian Action granting preliminary approval of the Settlement Agreement, and no earlier than December 1, 2008, the ICA shall distribute via email and first class mail the Summary Notice attached to the Settlement Agreement as Exhibit D, as modified as Exhibit 1 hereto, to all registered users of the Software (including those in Canada).

G. In the event the email and the mailed notice are both returned as non-deliverable before the Exclusion Deadline, the ICA shall send the notice to the forwarding address described therein, if any. If there is no forwarding address or if the Class Notice is again

1 returned as non-deliverable, the intended recipient shall be deemed to have opted out of the settlement.

   H.   The Independent Claims Administrator shall take all other actions in furtherance of claims administration as are specified in the Settlement Agreement.

   6.   Further settlement proceedings in this matter shall proceed according to the following schedule:

| | |
|---|---|
| February 20, 2009: | Last day to opt out of the Settlement |
| March 5, 2009: | Deadline to file Plaintiffs' Motion for Final Approval and Award of Attorneys' Fees |
| March 12, 2009: | Last day to object to the Settlement |
| March 12, 2009: | Deadline to file Opposition to Plaintiffs' Motion for Final Approval and Award of Attorneys' Fees |
| March 19, 2009: | Deadline to file Reply Memorandum in Support of Final Approval and Award of Attorneys' Fees |
| March 26, 2009 at 8:00 a.m.: | Fairness Hearing |

IT IS SO ORDERED.

Dated: _____    _____

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
CASE NO. CV-07-6452 WHA